A97A1014. WRIGHT v. THE STATE.
(486 SE2d 711)

JOHNSON, Judge.

A jury found Gregory Jerome Wright guilty of armed robbery. He appeals from the judgment entered on the verdict and the denial of his motion for new trial, challenging the sufficiency of the evidence and asserting the trial court erred in allowing the admission of hearsay testimony.

1. On appeal, the presumption of innocence no longer prevails. We view the evidence in the light most favorable to the verdict and do not speculate which evidence the jury chose to believe or disbelieve. *Gurlaskie v. State*, 196 Ga. App. 794 (1) (397 SE2d 66) (1990). At trial, Daniel Wessner testified that he is a route salesman and was staying at a motel in Albany. At approximately 6:30 in the morning he was loading his truck for his day's work when a man approached him and asked him for the time. While he was looking to see what time it was, the man produced a handgun and demanded Wessner's money. As Wessner started to take money out of his wallet, the man snatched the wallet and ran away. Wessner testified that he looked at the man's face closely because he wanted to remember it. One month later Wessner picked Wright's picture out of a photo lineup, and also identified him in court as the man who robbed him. Contrary to Wright's contention on appeal, this evidence is sufficient to enable a rational trier of fact to find Wright guilty of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Widner v. State*, 203 Ga. App. 823, 825 (5) (418 SE2d 105) (1992); *Arnold v. State*, 166 Ga. App. 313, 316-317 (6) (304 SE2d 118) (1983).

2. Over Wright's objection, the trial court allowed the investigating police officer to testify as to what two people told him after he described the suspect to them, stating that the testimony explained the officer's course of conduct. After some testimony was given, Wright again objected, asserting that the testimony was "pure unadulterated hearsay." The prosecutor agreed and stated that he would "move on" with his questioning. Relying on *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982), and *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984), Wright enumerates the trial court's admission of the police officer's testimony as error. "Hearsay evidence is admissible to explain an investigating officer's conduct *only* when the officer's conduct is at issue and needs to be explained." (Emphasis in original.) *Lyles v. State*, 221 Ga. App. 560, 562 (3) (472 SE2d 132) (1996). As was the case in *Lyles*, this is not one of those rare instances in which the officer's conduct is a matter of concern, and it is clear from our review of the evidence that the testimony was inadmissible.

However, the erroneous admission of the hearsay testimony was not harmful as a matter of law. "This court has recognized the general rule that in order to justify a new trial or reversal, the trial court's ruling must be both erroneous and harmful to the appellant. The test for harmful error is whether it is highly probable that the error contributed to the judgment. In determining whether hearsay testimony is harmful, this Court has found inadmissible hearsay which is received over objection does not require a new trial if it appears that the evidence could not have affected the verdict because

other evidence by a witness with immediate and personal knowledge is sufficient to establish the fact in question." (Citations and punctuation omitted.) *Head v. State*, 220 Ga. App. 281, 283 (3) (469 SE2d 406) (1996). See also *Hardy v. State*, 223 Ga. App. 597, 598 (1) (478 SE2d 423) (1996). Here Wessner testified that he made a conscious effort to look closely at the perpetrator of the crime so that he would be able to identify him later, which he did both in a photographic array and in court. Wessner's immediate and personal knowledge of Wright's description was sufficient to establish the identity of the perpetrator. Because the evidence of Wright's guilt was overwhelming, the hearsay testimony of the police officer regarding responses to his descriptions of Wright to explain how he conducted his investigation of the crime was harmless error.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MAY 16, 1997.

Before Judge Kelley.

*David E. Perry*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.