## A97A2280. HALL v. THE STATE.
(497 SE2d 603)

SMITH, Judge.

Artis Lee Hall was indicted, tried, and convicted on one count of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b), and one count of possession of marijuana with intent to distribute, OCGA § 16-13-30 (j) (1). His motion for new trial as amended was denied, and he appeals, raising as error the admission of similar transaction testimony. We agree with Hall that the trial court failed to properly conduct a Uniform Superior Court Rule 31.3 (B) hearing, and because we conclude that the evidence with respect to both the possession of cocaine with intent to distribute and possession of marijuana with intent to distribute charges was not overwhelming, we cannot say the admission of the similar transaction testimony was harmless. We therefore remand this case to the trial court for the purpose of conducting a USCR 31.3 (B) hearing in accordance with *White v. State*, 213 Ga. App. 429, 431 (1) (445 SE2d 309) (1994).

Evidence was presented at trial that on December 23, 1993, Officer Partain, an investigator with the Richmond County Sheriff's Department, responded to information he received from a confidential informant concerning drug activity at a convenience store. He drove to the store around 5:25 p.m. and saw Hall's car and Hall, along with several other people, in the parking lot. Partain parked, approached Hall, and identified himself as a police officer. Hall placed his hand inside his pocket, and Partain pulled his gun. Hall then removed his hand from his pocket, and Partain saw four plastic bags fall to the ground, one bag containing a substance that tested positive for cocaine and three other bags that tested positive for marijuana. Partain later testified that he saw Hall drop or throw the bags down and that they landed less than a foot from Hall. Approximately $199 was found on Hall's person.]

When asked for the reasons he charged Hall with possessing cocaine with intent to distribute, Partain stated that both the packaging of the cocaine and the amount of cocaine in the bag — seven or eight pieces weighing a total of 22.3 grams — were usually associated "with a dealer amount." He added that the crack "pieces can be even cut down even further to be distributed out to drug users." He also testified to the street value of the cocaine. With regard to the charge of possession of marijuana with intent to distribute, Partain testified that he saw three bags containing 1.4 grams of marijuana fall to the ground. The record contains no testimony showing that this quantity and packaging were consistent with distribution rather than mere possession. See *Dyer v. State*, 218 Ga. App. 879 (463 SE2d 718) (1995).

Hall testified at trial, denying that he placed his hands in his

pocket or that he dropped or threw any drugs to the ground and stating that he had just cashed his paycheck. The testimony of Hall's girl friend corroborated his version of events. She testified that Hall did not throw any plastic bags to the ground and that he did not possess the drugs found. Both Hall and his girl friend further testified that others were in the vicinity when Partain found the plastic bags. They also testified that the officer told them that he had not seen Hall throw the bags down but that no one would believe Hall's word over his.

Hall contends the trial court failed to conduct a proper USCR 31.3 (B) hearing with respect to similar transactions admitted into evidence and that the transactions therefore were improperly admitted. He further argues that admission of the transactions was not harmless. Rule 31.3 (B) requires the State to make three affirmative showings: (1) the similar transaction evidence is offered for some purpose other than to show a probability that the defendant committed the crime on trial because the defendant is a person of criminal character; (2) the accused committed the independent offenses; and (3) a sufficient connection or similarity between the prior offense and the offense charged such that proof of the former tends to prove the latter. See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991); *Cantrell v. State*, 210 Ga. App. 218, 220 (2) (435 SE2d 737) (1993). The trial court is required to determine that each of these showings has been satisfactorily made by the State before any evidence concerning a particular prior transaction is introduced to the jury. *Williams*, supra at 642.

The hearing conducted by the trial court fell short of these requirements. Without hearing evidence or a proffer by the State concerning the prior incidents, the court ruled them admissible simply because they were "drug transactions." Although at least one of the prior transactions was very similar to the one for which Hall was tried in this case,[1] we cannot state that the trial court followed the correct procedures for admitting any of the transactions. Regardless of any similarity, a proper hearing was not held. The State was not permitted to affirmatively state the purpose for which the evidence was being offered, and the record consequently does not show that

---

[1] Evidence concerning four different transactions was later admitted at trial. First, Officer Partain testified to a similar incident that occurred in 1988, when he observed Hall throw down a medicine bottle containing crack cocaine. A certified copy of Hall's 1988 conviction of one count of possession of cocaine with intent to distribute was admitted into evidence. Two other incidents occurred in April and May 1991, when another officer participated in two separate undercover buys of cocaine from Hall. Hall pled guilty to one count of sale of cocaine with regard to these two incidents; the other count was dismissed. Finally, evidence was admitted of a 1985 incident in which Hall sold a quantity of marijuana during an undercover drug sale.

the court "made the requisite determination that the evidence was admitted for a limited purpose." *Stephan v. State*, 205 Ga. App. 241, 243 (422 SE2d 25) (1992). As in *Stephan*, the trial court did instruct the jury generally that Hall was not on trial for the similar transactions and that the transactions were admissible for the purposes of showing "knowledge, common design, modus operandi, motive" and other factors impacting on his state of mind. But this recitation of a "comprehensive list of possible purposes did not sufficiently limit the purpose for which the evidence was to be considered by the jury in accordance with *Williams*." Id. at 244.

The trial court's error in failing to properly conduct an admissibility hearing as required by *Williams* is not automatically grounds for a new trial but is subject to scrutiny for harmless error. *Stewart v. State*, 263 Ga. 843, 845 (1) (440 SE2d 452) (1994). The State's case against Hall consisted primarily of Partain's testimony that when he pulled up to the convenience store, he observed Hall drop or throw four plastic bags on the ground. In opposition, Hall and his girl friend testified that Hall did not drop these bags or possess the drugs found. Consequently, we cannot say that the evidence of Hall's guilt was so overwhelming as to make the erroneous admission of the similar transaction evidence harmless. *Stephens v. State*, 261 Ga. 467, 468-469 (405 SE2d 483) (1991). See also *Head v. State*, 253 Ga. 429, 431 (2) (322 SE2d 228) (1984).

But a new trial is not automatically required. We are authorized to remand this case to the trial court to conduct a proper USCR 31.3 (B) hearing. See *White*, supra at 431 (1). Should the trial court determine that the State's evidence concerning the prior transactions does not comport with the requirements set out in *Williams*, supra, a new trial will be required. *Riddle v. State*, 208 Ga. App. 8, 11 (1) (b) (430 SE2d 153) (1993). But if the trial court determines that the evidence is admissible, a new trial will not be necessary. See *White* at 431 (1).

*Judgment affirmed on condition; otherwise reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 24, 1998.

*Clayton L. Jolly III*, for appellant.
*Daniel J. Craig, District Attorney*, for appellee.