## A98A0355. BURGEST v. THE STATE.
(497 SE2d 623)

JOHNSON, Judge.

A jury found Alfred Burgest, Jr. guilty of armed robbery and possession of a firearm during the commission of a crime. Burgest appeals, alleging the trial court erred in denying his motion for new trial on the general grounds. We affirm.

Viewed in the light most favorable to support the verdict, the evidence shows that the victim was walking down a road and noticed a four-door, gray car with no hubcaps and a rusty top driving down the road. The car stopped, and Burgest, whom the victim knew from school, exited the car and told the victim to stop and "give it up." When the victim started laughing, Jerome Spivey, who had exited the car with Burgest, put a 12-gauge shotgun to the victim's chest. Burgest grabbed a chain the victim wore around his neck and told him again to "give it up." The victim raised his hands while Burgest searched his pockets, then Spivey struck the victim in the face with the shotgun.

A woman who lives in the neighborhood testified that she saw Burgest and another person exit the car. While she did not see the actual robbery, the witness claimed that Burgest held the shotgun and that he carried it as he walked away from the victim. The witness then spoke with the victim, who told her what had happened.

The police officer who met the victim at his home noticed that the victim was upset and had scratches on his neck and throat, a puffy face with abrasions, and a bloody mouth. Burgest was arrested, advised of and waived his *Miranda* rights, and gave a statement to police. In this statement, Burgest never mentioned an alibi or provided witnesses who could verify his whereabouts at the time of the armed robbery.

At trial, Burgest presented alibi witnesses who claimed he was

at his mother's house on the night of the armed robbery.

On appeal, we view the evidence in the light most favorable to the jury's verdict, and we do not speculate which evidence the jury chose to believe or disbelieve. *Wright v. State*, 226 Ga. App. 499, 500 (1) (486 SE2d 711) (1997). We do not weigh or assess witness credibility. A review of the transcript reveals sufficient evidence from which a rational trier of fact could have found Burgest guilty beyond a reasonable doubt of the crimes charged. Id.; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 9, 1998.

*Rodney L. Allen*, for appellant.

*J. David Miller, District Attorney, Anthony S. Gunn, Assistant District Attorney*, for appellee.