### A08A0648. QUIROZ v. THE STATE.
(662 SE2d 235)

PHIPPS, Judge.

On appeal from his conviction for aggravated assault, Alfredo Quiroz argues that a fatal variance existed between the allegations of the indictment and the proof; that the evidence was insufficient; and that the trial court erred when it denied his motion in limine concerning a prior conviction, when it instructed the jury to decide which of the allegations contained in the indictment were essential elements of the crime, and when it denied his motion for a continuance. Because the trial court left an erroneous impression as to which allegations of the indictment were material, we reverse Quiroz's conviction.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence.[1] We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the charged offense.[2]

So viewed, the record shows that on July 9, 2005, Quiroz hailed a cab, entered the front passenger side, and told the driver he would give directions as they proceeded. Quiroz then opened a pocketknife

---

[19] *Conant v. Jones*, 120 Ga. 568, 571 (4) (48 SE 234) (1904).

[1] *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004).

[2] *Jackson v. Virginia*, 443 U. S. 307, 320 (99 SC 2781, 61 LE2d 560) (1979).

he was carrying, pointed it at the driver, and demanded money. The driver, who was afraid Quiroz would hurt him, handed over approximately $130. Quiroz left the cab and was soon apprehended with a pocketknife in his right front pocket.

The indictment charged Quiroz with armed robbery and aggravated assault. As to the latter, the indictment specifically alleged that Quiroz "did unlawfully make an assault upon the person of [the driver] with a deadly weapon, to wit: a knife, by holding a knife to the neck of [the driver]." The investigating officer had gained the erroneous impression that Quiroz had held a knife to the driver's neck, but the driver testified repeatedly at trial that Quiroz had never held the knife to his neck.

After the state rested, Quiroz moved for a directed verdict as to both counts on the ground that there was a fatal variance between the allegations and the proof. As to the aggravated assault, the state responded that the indictment's allegation that Quiroz held the knife to the driver's neck was "a minute description of an unnecessary fact." The trial court commented that the variance between allegations and proof was "surely going to elicit [a question from the jury] if I send this [indictment] to them," but denied the motion for directed verdict. It later charged the jury that the state had the burden of proving "every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt."

During deliberations, the jury sent a question out: "Does the state have to prove what is stated in the actual charge or does it need only to meet the definition of the offense, specifically aggravated assault, charge of knife held to the neck, versus reasonable apprehension?" The state's attorney and defense counsel each suggested responses to the jury's question, but the trial court answered, "We're just going to wing this. Bring them in." When defense counsel suggested that the court "just not answer the question," the trial court responded, "I'm going to say something." Asked by defense counsel, "Can you give us a clue?" the court answered that it was "not sure yet." The trial court then responded to the jury's question as follows:

> I have your question. Anticipated, I might add. And I'm not going to help too much, I don't think, with my answer, but here it is: The State has to prove beyond a reasonable doubt every material allegation of the — and every essential element of the charge. *Whether you think what's put in that indictment is an essential element of the charge, reading it*

*in conjunction with all the other charges I gave you, is up to you.* Go back.[3]

Quiroz objected to the court's instruction on the ground that the method of the assault was a material allegation of the indictment and renewed his motion for directed verdict. The trial court again denied the motion. Quiroz was acquitted of armed robbery but found guilty of aggravated assault. His motion for new trial was denied.

1. Quiroz argues that there was a fatal variance between the indictment and the proof.

"Averments in an indictment as to the specific manner in which a crime was committed are not mere surplusage [and] must be proved as laid, or the failure to prove the same will amount to a fatal variance and a violation of the defendant's right to due process of law."[4] However, as the Supreme Court of Georgia has long held,

> [t]he general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.[5]

As the trial court's charge on the use of a knife as a deadly weapon pointed out, whether Quiroz's use of the knife made it a deadly weapon was for the jury to decide. But the part of the indictment unsupported by the evidence in this case (holding a knife to the driver's neck) was an "unnecessary [specification] of a[ legally] unnecessary fact."[6] When we ignore this portion of the indictment as mere surplusage, it appears that the remainder of the indictment sufficiently apprised Quiroz that he was being charged with assaulting the victim with a knife on a specific date. Because the indictment so informed Quiroz of the aggravated assault charge, and because he could not be prosecuted again for that offense, the variance between

---

[3] (Emphasis supplied.)

[4] *Talton v. State*, 254 Ga. App. 111, 112 (1) (561 SE2d 139) (2002) (citations and punctuation omitted).

[5] *De Palma v. State*, 225 Ga. 465, 469-470 (3) (169 SE2d 801) (1969) (citation and punctuation omitted).

[6] *Ross v. State*, 195 Ga. App. 624, 625 (1) (b) (394 SE2d 418) (1990); see also *Nash v. State*, 222 Ga. App. 766, 766-767 (1) (476 SE2d 69) (1996) (variance between indictment alleging that defendant threw a knife at the victim and proof that the knife fell out of the defendant's hand as he was stabbing the victim was not fatal to conviction for aggravated assault).

allegations and proof was not fatal.[7]

2. The evidence outlined above sufficed to sustain Quiroz's conviction for aggravated assault.[8]

3. Quiroz argues that the trial court erred when it responded to the jury's question.

"When the jury requests the court to recharge [it] on any point, it is the court's duty to do so."[9] Such further instruction must be "in plain, clear language . . . calculated to enlighten rather than confuse the jury."[10]

> Where a jury, which has been fully and properly charged, requests a recharge on a specific question, it is within the discretion of the trial court whether to recharge entirely or to recharge only on the specific question. It is not error to recharge only on the specific question so long as the recharge taken alone does not leave an erroneous impression in the minds of the jury.[11]

Here, the jury asked the trial court to explain the difference between the "actual charge" — the indictment as written, including its allegation that Quiroz committed aggravated assault by holding a knife to the driver's neck — and the essential elements of that charge, including any use of the knife producing a "reasonable apprehension" of immediately receiving a violent injury.[12] Put another way, the jury was asking the judge whether holding a knife to the victim's neck was a material allegation of the indictment.

As we have held in Division 1 above, the allegation concerning the exact placement of the knife was not material.

> It is within the discretion of the trial court to give or not to give unrequested additional instructions when the jury requests a recharge on a particular point, and the discretion

---

[7] *Nash*, supra; compare *Talton*, supra (instruction relieving state of proving indictment's material allegation that defendant shot at victim was reversible error); *Ross*, supra (variance between allegation that defendant put his mouth on victim's sex organ and proof that victim was forced to put her mouth on defendant's sex organ was fatal to conviction for aggravated sodomy).

[8] *Nash*, supra.

[9] *Edwards v. State*, 233 Ga. 625, 626 (2) (212 SE2d 802) (1975) (citations omitted).

[10] *Kimmel v. State*, 261 Ga. 332, 335 (3) (404 SE2d 436) (1991) (citations omitted).

[11] *Cloyd v. State*, 237 Ga. App. 608, 610 (3) (516 SE2d 103) (1999) (citations and punctuation omitted).

[12] OCGA § 16-5-20 (a) (2).

includes the giving of unrequested instructions not contained in the trial court's original charge.[13]

But in such circumstances, and "even [when] the main charge . . . is not complained of as being incorrect or incomplete, the court was bound to make [the essential elements of the charge] clear in its recharge."[14] Here, the trial court's recharge left the jurors without any guidance for determining whether an allegation of the indictment was material, and could have led the jury to conclude that any allegation of the indictment, even though material in the eyes of the law, did not have to be proven beyond a reasonable doubt if the jury found it immaterial as a matter of fact. The recharge thus forced the jury to answer its own question of law concerning what the state was required to prove and was so erroneous that it rendered the entire charge defective and denied Quiroz a fair trial. We therefore reverse the denial of Quiroz's motion for new trial.[15]

4. Because the question is likely to recur on retrial, we address Quiroz's contention that the trial court erred when it denied his motion in limine concerning his felony conviction three years earlier for possession of cocaine. Citing authority from other jurisdictions,[16] Quiroz argues that a trial court should be required to make findings on the record that the probative value of a felony conviction admitted for purposes of impeachment substantially outweighs its prejudicial effect and that the trial court in this case failed to make such findings.

OCGA § 24-9-84.1 (a) (2) provides:

> Evidence that the *defendant* has been convicted of a crime *shall be admitted* if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted *if the court determines* that the probative value of admitting the evidence *substantially* outweighs its prejudicial effect to the defendant.[17]

While similar to Federal Rule of Evidence 609 (a) (1), OCGA

---

[13] *Miner v. State*, 268 Ga. 67 (2) (485 SE2d 456) (1997) (citations omitted).

[14] *Bennett v. State*, 108 Ga. App. 881, 882 (134 SE2d 847) (1964) (citations omitted).

[15] Id. (granting a new trial where the jury could have misunderstood elements of aggravated assault after faulty recharge delivered in response to jury's request for clarification).

[16] See, e.g., *United States v. Preston*, 608 F2d 626 (5th Cir. 1979); *State v. Scriven*, 339 S.C. 333 (529 SE2d 71) (2000).

[17] (Emphasis supplied.); compare OCGA § 24-9-84.1 (a) (1) (probative value of *witness's* prior felony conviction need not substantially outweigh its prejudicial effect); OCGA § 24-9-84.1 (a) (3) (conviction for crime involving "dishonesty or making a false statement" is always admissible).

§ 24-9-84.1 (a) adds that the probative value of prior conviction evidence must "substantially" outweigh its prejudicial effect.[18] At the hearing on Quiroz's motion in limine, the trial court noted the absence at the time of Georgia authority construing OCGA § 24-9-84.1 and held as follows: "[I]t would be my intention to allow it in. So the motion in limine is denied."

Although some federal authority suggests that a trial court need not make any express determination that the prerequisites of Rule 609 are met as long as it permits cross-examination concerning those admitted convictions,[19] other jurisdictions, including the Fifth Circuit as predecessor to the Eleventh Circuit, require a trial court to make specific findings that probative value substantially outweighs prejudicial effect.[20] We agree with the Eleventh Circuit. As the record in this case demonstrates, the mere fact that a trial court has allowed the defendant to be impeached with a felony conviction does not establish that it has engaged in the required balancing of probity against prejudice. In this case, as in others in which no express finding has been made, a reviewing court can only guess whether the trial court has made the requisite determination. We note as well that the Supreme Court of Georgia has long required a trial court admitting similar transaction evidence at the conclusion of a Uniform Superior Court Rule 31.3 (B) hearing to make explicit findings concerning the evidence's purpose and relevance.[21]

To give a "sensible and intelligent effect"[22] to that part of OCGA § 24-9-84.1 (a) (2) requiring the trial court to balance the probity of a prior felony conviction against its prejudicial effect, we now require that such findings be made expressly. Factors to be considered include the kind of felony involved, the date of the conviction, and the importance of the witness's credibility.[23] As we have suggested, we cannot determine whether the trial court in this case "engaged in any meaningful analysis of the relevant factors or [whether] the court balanced the probative value against the prejudicial effect to

---

[18] Compare OCGA § 24-9-84.1 (b) (evidence of a conviction more than ten years old is not admissible "unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect"); see also *Hinton v. State*, 280 Ga. 811, 818-820 (7) (631 SE2d 365) (2006) (construing OCGA § 24-9-84.1 (b)).

[19] See, e.g., *United States v. Walker*, 817 F2d 461 (8th Cir. 1987); *United States v. Thompson*, 612 F2d 233, 234 (6th Cir. 1979).

[20] See *Preston*, supra at 639; *Scriven*, supra at 341.

[21] See *Williams v. State*, 261 Ga. 640, 642 (2) (b), n. 3 (409 SE2d 649) (1991) (trial court's determination that each of three showings has been made "must be made a part of the record").

[22] *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975).

[23] See *Preston*, supra at 639, n. 17.

the accused."[24] In the event of retrial, the trial court should balance the probative value of Quiroz's prior felony conviction against its prejudicial effect and make a finding on the record as to whether the former substantially outweighs the latter, subject to appellate review for an abuse of discretion.[25]

5. Quiroz's claim of error concerning the trial court's denial of a continuance is moot.

*Judgment reversed. Barnes, C. J., and Johnson, P. J., concur.*

### DECIDED MAY 6, 2008.

*Watson & Watson, Anne L. Watson, Sidney O. Smith III*, for appellant.

*Lee Darragh, District Attorney, Juliet Aldridge, Assistant District Attorney*, for appellee.

---

[24] *Scriven*, supra at 342 (II); compare *Newsome v. State*, 289 Ga. App. 590, 592-594 (2) (657 SE2d 540) (2008) (affirming admission of prior convictions where trial court made explicit finding that probative effect substantially outweighed any prejudice).

[25] *Preston*, supra; *Newsome*, supra.