### A09A0707. ABERCROMBIE v. THE STATE.
(677 SE2d 719)

JOHNSON, Presiding Judge.

A jury found Jason Eugene Abercrombie guilty of possession of methamphetamine. On appeal, Abercrombie claims, among other things, that the trial court erred in failing to perform the required balancing test pursuant to OCGA § 24-9-84.1 (a) (2) prior to permitting the state to impeach him with his prior conviction for entering an automobile. We agree, and we therefore reverse Abercrombie's conviction and remand the case for a new trial.

On appeal from a criminal conviction, we view the evidence in

---

the light most favorable to support the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[1] Moreover, we do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the evidence shows that on June 21, 2005 at approximately 1:00 a.m., Abercrombie was riding as a passenger in a car driven by Philip Chipman when the car was stopped for having a malfunctioning taillight. While a police officer was talking with Chipman outside the car, another officer observed Abercrombie throw two small plastic bags out of the car window. The police officer recovered the bags, which were later determined to contain a total of 13.75 grams of methamphetamine. A third bag, containing 1.47 grams of methamphetamine, was discovered between the driver's seat and console of the car.

At trial, Abercrombie testified that after the traffic stop was initiated, Chipman threw the bags in his lap and told him to "do something with this." He claimed that as Chipman was stepping out of the car to talk to one of the officers, he threw the bags out the window. Abercrombie's claim that the drugs belonged to Chipman and that he had never seen them before was supported by the testimony of Abercrombie's aunt, who admitted to having smoked methamphetamine with Chipman earlier in the day and outside of Abercrombie's presence. The aunt also testified that, on the same day, she saw Chipman place bags of methamphetamine, resembling those later recovered by the police, in his pocket.

1. Abercrombie claims that the trial court erred in allowing the state to impeach him with evidence of his 1998 conviction for entering an automobile. OCGA § 24-9-84.1 (a) (2) provides:

> Evidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted *if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant*[.][3]

We will not disturb a trial court's determination regarding impeachment of a defendant pursuant to OCGA § 24-9-84.1 (a) (2) unless

---

[1] *Johnson v. State*, 282 Ga. App. 52, 53 (1) (637 SE2d 775) (2006).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] (Emphasis supplied.)

the trial court has abused its discretion.[4]

We have held that in order to ensure that the trial court engaged in a "meaningful analysis of the relevant factors" to be considered in balancing the probative value of the proposed impeachment evidence against its prejudicial effect, the trial court's findings must be made expressly.[5] "Factors to be considered include the kind of felony involved, the date of the conviction, and the importance of the witness's credibility."[6]

Here, the trial court did not list any of the factors it considered in allowing Abercrombie to be impeached with evidence of the prior conviction. Moreover, although the trial court was required to admit the impeachment evidence only if the probative value of the evidence "substantially outweighs" its prejudicial effect, the trial court here concluded that evidence of Abercrombie's conviction for entering an automobile could be used for impeachment merely because it "does have probative value."[7] The trial court was not authorized to admit evidence using a more liberal standard than that provided by OCGA § 24-9-84.1 (a) (2), and it therefore erred in allowing the state to impeach Abercrombie with evidence of the prior conviction.

We further find that the trial court's failure to apply the balancing test found in OCGA § 24-9-84.1 (a) (2) was harmful to Abercrombie's defense. The evidence against Abercrombie was not overwhelming, and his conduct was explained by his testimony and the testimony of his aunt. Given that the case largely turned on Abercrombie's credibility, the error in allowing impeachment evidence was not harmless.[8] As a result, Abercrombie's conviction must be reversed, and we remand this case for retrial.

2. Because several of Abercrombie's remaining enumerations of error raise issues that are likely to recur on retrial, we address them on the merits.[9]

(a) First, Abercrombie claims that the trial court erred in allowing the state to introduce evidence that he provided false identification to one of the police officers just after he threw the drugs out the window. Such a claim was decided adversely to Abercrombie in *Roberts v. State*, in which the Supreme Court of Georgia found that evidence that the defendant provided false

---

[4] *Quiroz v. State*, 291 Ga. App. 423, 429 (4) (662 SE2d 235) (2008).

[5] Id. at 428-429 (4).

[6] Id. at 428 (4).

[7] We note that the trial court's conclusion to exclude evidence of Abercrombie's prior conviction for possession of methamphetamine "because its prejudicial effect outweighs its probative value" also did not apply the standard required under OCGA § 24-9-84.1 (a) (2).

[8] See *Whitehead v. State*, 232 Ga. App. 140, 142 (2) (499 SE2d 922) (1998).

[9] *Chubbuck v. Lake*, 281 Ga. 218, 219 (2) (635 SE2d 764) (2006).

identification to a police officer shortly after the commission of the crime was part of the res gestae and could be admitted even though it incidentally placed his character in issue.[10]

(b) Abercrombie claims that the trial court erred in preventing him from introducing a certified copy of Chipman's conviction for possession of methamphetamine. This conviction followed Chipman's guilty plea and was in connection with the drugs discovered by the police officers during the traffic stop at issue in this case.

Evidence of another person's guilt in connection with the crimes for which a defendant is being tried is admissible where the evidence bears "persuasive assurances of trustworthiness and is critical to the defense."[11] Here, Chipman was the subject of an outstanding arrest warrant and could not be located during trial for questioning by either Abercrombie or the state. However, Chipman's guilty plea for methamphetamine possession was a declaration against his penal interest and therefore invested with inherent credibility.[12] Moreover, Chipman's conviction supported Abercrombie's sole defense, which was that Chipman threw the drugs in his lap during the traffic stop. Given that Chipman's conviction provided some evidence, the weight of which is to be determined by the jury, that Abercrombie did not possess the drugs, the trial court abused its discretion in excluding it, and such evidence may be presented by Abercrombie at retrial.[13]

(c) Abercrombie also asserts that the trial court erred in refusing to charge the jury as to the equal access rule. We disagree.

> The equal access rule, as it applies in the automobile context, is merely that evidence showing that a person or persons other than the owner or driver of the automobile had equal access to contraband found in the automobile may or will, depending upon the strength of the evidence, *overcome the presumption that the contraband was in the exclusive possession of the owner or driver.*[14]

Here, the only evidence was that Chipman, not Abercrombie, was the owner and driver of the vehicle in question. As a result, no presumption was raised against Abercrombie that required the jury to be charged as to the equal access rule. Because the equal access charge

---

[10] *Roberts v. State*, 282 Ga. 548, 551 (6) (651 SE2d 689) (2007).

[11] (Citation and punctuation omitted.) *Inman v. State*, 281 Ga. 67, 72 (4) (635 SE2d 125) (2006).

[12] *Reece v. State*, 152 Ga. App. 760, 762 (1) (B) (264 SE2d 258) (1979).

[13] *Henderson v. State*, 255 Ga. 687, 689 (1) (341 SE2d 439) (1986).

[14] (Citation omitted; emphasis in original.) *State v. Johnson*, 280 Ga. 511, 512 (630 SE2d 377) (2006).

was not authorized by the evidence, the trial court did not err in refusing to provide the charge to the jury.[15]

*Judgment reversed and case remanded. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 16, 2009.

*Sexton & Morris, Ricky W. Morris, Jr.*, for appellant.

*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Sandra G. Rivers, Assistant District Attorneys*, for appellee.