## A09A0146. MILLER v. THE STATE.
### (681 SE2d 225)

BERNES, Judge.

Jimmy Travis Miller appeals his conviction for manufacturing methamphetamine in violation of OCGA § 16-13-30 (b). He challenges the general sufficiency of the evidence supporting his conviction and particularly challenges the sufficiency of the evidence

---

[14] *Cannon v. Jeffries*, 250 Ga. App. 371, 372-373 (1) (551 SE2d 777) (2001).

regarding venue. He also contends that the trial court erred in instructing the jury on possession of methamphetamine as a lesser included offense and in admitting evidence of his prior conviction. For the reasons that follow, we conditionally affirm Miller's conviction.

1. On appeal from a criminal conviction, we construe the evidence in the light most favorable to the jury's verdict and the defendant no longer enjoys a presumption of innocence. *Bryan v. State*, 271 Ga. App. 60 (1) (608 SE2d 648) (2004). We do not weigh the evidence or determine witness credibility, but determine only whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Bryan*, 271 Ga. App. at 60 (1).

So viewed, the evidence showed that on March 8, 2006, Decatur County sheriff's deputies went to Miller's residence and gained Miller's consent to search his residence and his truck. During the search of Miller's truck, the officers found several large trash bags that contained hypodermic needles, cold packs, Coleman fuel, unrolled lithium batteries, an empty digital scale box, empty blister packs, empty 120-pill count Actifed medicine packs that contained pseudoephedrine, surgical tubing, red lye, and paper towels containing a white substance that were wrapped in electrical tape. The officers testified at trial that the discovered items, in combination, were commonly used to manufacture methamphetamine and were "[r]emnants of a methamphetamine lab." The paper towels containing the white substance were forwarded to the Georgia Bureau of Investigation Crime Lab for testing. The tests showed that the white substance was positive for methamphetamine.

Miller testified in his own defense at trial. Miller admitted that he owned the truck where the drug evidence was found and further admitted that many of the discovered items could be his trash.

Although much of the evidence consisted of common household items, in combination and in their existing condition, the items presented evidence of the manufacture of methamphetamine, a Schedule II controlled substance. Based on this evidence, any rational trier of fact could have found that Miller had manufactured methamphetamine. See OCGA §§ 16-13-30 (b), 16-13-26 (3) (B); *Bryan*, 271 Ga. App. at 61-62 (1). See, e.g., *Ogburn v. State*, 296 Ga. App. 254, 255 (1) (a), (b) (674 SE2d 101) (2009); *Kohlmeier v. State*, 289 Ga. App. 709, 710-713 (1) (a), (b) (658 SE2d 261) (2008).

Miller nonetheless contends that he was entitled to an acquittal because other persons had access to his truck where the evidence was discovered. His contention, however, affords no basis for reversal.

An owner or driver of an automobile, in the absence of any circumstances to the contrary, is presumed to have possession and

control of contraband found in the automobile. See *Davis v. State*, 272 Ga. App. 33, 33-34 (611 SE2d 710) (2005). This presumption can be rebutted by evidence that persons other than the owner or driver had equal access to contraband found in the vehicle. Id. "Whether evidence of equal access is sufficient to rebut an inference of possession is a question for the trier of fact." Id. at 34.

In this case, the only evidence of equal access was provided by Miller whose testimony was inconsistent in several respects and conflicted with certain evidence presented by the state. For instance, while Miller denied ownership of the trash bags and claimed that four other individuals had access to his truck during the relevant time period, he nevertheless acknowledged that many of the items found in the bags could be his trash, including the hypodermic needles that he had admitted using.[1] Miller also testified that at least two of the trash bags found in his truck had been at the residence since January 2006, even though the officers had gone to Miller's property on the afternoon prior to the search and seizure and had not seen the trash bags until they returned on the following day. Furthermore, although Miller claimed that he had been treated for a medical condition and was not capable of loading the trash or driving, he also testified that he had driven the truck on several occasions prior to the officers' seizure of the trash bags containing the drug evidence.

As such, the jury was authorized to reject Miller's equal access claim as lacking credibility and to find that the inference of Miller's possession had not been sufficiently rebutted. The jury's findings of fact and determinations of witness credibility in this regard provide no basis for reversal on appeal. See *Davis*, 272 Ga. App. at 33-34.

2. Miller further contends that the state failed to prove venue beyond a reasonable doubt. Again, we discern no error.

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. . . . The State may establish venue by whatever means of proof are available to it, and it may use both direct and circumstantial evidence.

(Punctuation and footnotes omitted.) *Jones v. State*, 272 Ga. 900,

---

[1] Miller claimed that he was a dog breeder and had used the needles to administer dog vaccinations. But, no vials from the purported vaccinations were found among the items in the trash bags and Miller could not explain this discrepancy.

901-903 (2) (537 SE2d 80) (2000). On appeal, we view the evidence in the light most favorable to the verdict and determine whether the evidence was sufficient to permit a finding that the crime was committed in the county where the defendant was indicted. See *Chapman v. State*, 275 Ga. 314, 317 (4) (565 SE2d 442) (2002).

This case was indicted and tried in Decatur County. The evidence establishing Miller's drug offense was collected during the search of his truck parked at his residence. Yet, in its case-in-chief, the state failed to produce any evidence whatsoever as to the location of Miller's residence.[2] That the officers who conducted the search were employed by the Decatur County Sheriff's Office was, standing alone, insufficient evidence of venue. See *In the Interest of B. R.*, 289 Ga. App. 6, 8-9 (2) (656 SE2d 172) (2007) (concluding that the state failed to prove venue since the fact that the responding officers were employed by the county sheriff's department cannot serve as the exclusive proof that the crimes occurred in that county); *King v. State*, 271 Ga. App. 384, 385-387 (1) (609 SE2d 725) (2005) (same).

Significantly, however, Miller's own trial testimony provided sufficient proof of venue in this case. Miller testified that he was originally from Bainbridge in Decatur County, Georgia and had lived in Decatur County all his life, except during the 21 years of his marriage. Miller further stated that at the time of the search and seizure of the evidence, he was divorced and was again living in Bainbridge, Georgia. Based upon this evidence, the jury was authorized to conclude that Miller's residence in Bainbridge was located in Decatur County.

Accordingly, the circumstantial evidence presented by the state, combined with Miller's testimony identifying the location of his residence, was sufficient to establish venue in this case. See *Chapman*, 275 Ga. at 317-318 (4); *Thompson v. State*, 277 Ga. 102, 104 (3) (586 SE2d 231) (2003).

3. Miller also argues that the trial court erred in instructing the jury on possession of methamphetamine as a lesser included offense. Pretermitting whether the trial court erred in giving the jury instruction,[3] Miller was not convicted of drug possession. Rather, he

---

[2] Our appellate courts have repeatedly expressed frustration with the state's failure to prove venue in criminal cases. "Proving venue is a simple exercise that generally requires the asking of one question. In light of the ease with which venue can be proved, it is difficult to understand why the appellate courts are repeatedly faced with this issue." *Chapman*, 275 Ga. at 317 (4), n. 4. See also *In the Interest of B. R.*, 289 Ga. App. 6, 10 (656 SE2d 172) (2007) (Blackburn, P. J., Smith, P. J., and Miller, J., concurring fully and specially).

[3] See *Galbreath v. State*, 213 Ga. App. 80, 81-82 (1) (443 SE2d 664) (1994) (concluding that possession of marijuana is not a necessary element of the crime of knowingly manufacturing marijuana, and a request to charge on drug possession as a lesser included offense to the crime of manufacturing is not adjusted to the evidence).

was convicted of manufacturing methamphetamine as charged. Therefore, any error in giving the instruction was harmless. See *Lane v. State*, 177 Ga. App. 553, 554 (2) (340 SE2d 228) (1986).

4. Lastly, Miller contends that the trial court erred in admitting evidence of his prior conviction of possession of methamphetamine with intent to distribute. At trial, Miller chose to testify in his defense. The evidence of his prior felony drug conviction was introduced by the state to impeach his credibility as a witness pursuant to OCGA § 24-9-84.1 (a) (2). Miller had presented a motion in limine to have his prior conviction excluded from the trial evidence. After considering Miller's arguments, the trial court ruled that evidence of the prior conviction was admissible.

OCGA § 24-9-84.1 (a) (2) establishes guidelines for the use of a prior conviction to impeach the credibility of a defendant who testifies at a trial or hearing. The statute provides, in pertinent part, that

> [e]vidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant.[4]

Miller argues that his prior conviction had no probative value and therefore should not have been admitted under the statute. The trial court, however, failed to make an express ruling on the record as to whether the probative value of the evidence substantially outweighed its prejudicial effect. Consequently, we are precluded from addressing the substantive merits of Miller's claim, and instead, we must remand this case to the trial court for further post-trial consideration consistent with this opinion. See *Quiroz v. State*, 291 Ga. App. 423, 427-429 (4) (662 SE2d 235) (2008); *Hall v. State*, 230 Ga. App. 741, 743 (497 SE2d 603) (1998).

In *Quiroz*, this court held that when ruling upon the admissibility of a defendant's prior felony conviction under OCGA § 24-9-84.1 (a) (2), the trial court is required to balance the probity of a prior felony conviction against its prejudicial effect, considering factors including "the kind of felony involved, the date of the conviction, and

---

[4] Miller's prior drug conviction was entered several days prior to the trial of this case and, thus, was a prior conviction that could be used for impeachment purposes under the statute. See OCGA § 24-9-84.1 (a) (2). We further note that Miller's intention to appeal the prior conviction did not render the evidence inadmissible. See OCGA § 24-9-84.1 (e) ("The pendency of an appeal from a conviction does not render evidence of a conviction inadmissible.").

the importance of the witness's credibility." *Quiroz*, 291 Ga. App. at 428 (4). When no express findings have been made as to this balancing test, this court can only guess whether the trial court has made the requisite determination. We therefore require that the trial court's findings be made expressly on the record to ensure compliance with the procedural safeguards provided under the statute.[5] Id.

The trial court's error in failing to make express findings regarding the admissibility of the prior conviction is analogous with error in failing to properly conduct a hearing regarding the admissibility of similar transaction evidence. In this context, the error is subject to scrutiny for harmless error and a new trial is not automatically required. See *Hall*, 230 Ga. App. at 743. See also *Clarke v. State*, 241 Ga. App. 186, 188-189 (1) (a) (526 SE2d 395) (1999). But, because Miller's conviction was primarily based upon circumstantial evidence, we cannot say that overwhelming evidence established Miller's guilt so as to make the admissibility of the prior conviction harmless. Under these circumstances, we are unable to conclude whether a new trial is required at this time. Instead, we must remand this case to the trial court for the entry of express findings on the record as to whether the probative value of Miller's prior conviction substantially outweighed its prejudicial effect, considering the factors set forth in *Quiroz*. See *Hall*, 230 Ga. App. at 743. If the trial court determines that the prior conviction was inadmissible after engaging in the balancing test required under OCGA § 24-9-84.1 (a) (2), then a new trial will be required. But, if the trial court determines that the prior conviction was admissible, a new trial will not be mandated, subject to appellate review for an abuse of discretion. See *Quiroz*, 291 Ga. App. at 429 (4); *Hall*, 230 Ga. App. at 743.

*Judgment conditionally affirmed, and case remanded with direction. Smith, P. J., and Phipps, J., concur.*

DECIDED JULY 8, 2009.

*Billy M. Grantham*, for appellant.

---

[5] We note that at the time of Miller's trial in May 2007, there had been no Georgia authority construing OCGA § 24-9-84.1 (a) (2) as requiring express findings on the record. *Quiroz* was later decided in May 2008, almost one year after the trial of this case. *Quiroz*, 291 Ga. App. 423. Nevertheless, the *Quiroz* ruling shall be given retroactive application in this case under the "pipeline" rule, providing that "a new rule of criminal procedure . . . will be applied to all cases then on direct review or not yet final." *Taylor v. State*, 262 Ga. 584, 586 (3) (422 SE2d 430) (1992). See also *Green v. State*, 279 Ga. 455, 456 (2) (614 SE2d 751) (2005); *Taylor v. State*, 285 Ga. App. 697, 703 (4) (647 SE2d 381) (2007).

*Joseph K. Mulholland, District Attorney, William J. Hunter, Assistant District Attorney*, for appellee.