A10A0603. LAWRENCE v. THE STATE.
(699 SE2d 406)

SMITH, Presiding Judge.

Leon Lawrence appeals from his convictions for hijacking a motor vehicle, two counts of aggravated assault with intent to rob, and two counts of armed robbery. Following the denial of his amended motion for new trial, Lawrence appeals, challenging the sufficiency of the evidence and the use of his prior convictions for purposes of impeachment. He also contends that he received ineffective assistance of counsel. We find these claims to be without merit and affirm.

The record reveals that on January 21, 2006, as the victim walked down the stairs outside of his apartment, a man pulled out a gun and demanded money before taking the victim's wallet, car keys, and cell phone. The victim described the man as a short African-American male with gold teeth and "very distinct eyes and lips."

On March 13, 2006, a second victim was sitting with her boyfriend in her parked 2002 Ford Mustang when she heard a noise. As her boyfriend got out of the car, a man approached him and pointed a gun at his face. The victim attempted to drive away when a second man came out and told her "don't even think about it." The victim jumped out and the two men then drove off in the victim's car.

About three hours later, a third victim was retrieving laundry

from his 1998 Ford Mustang when he observed another Ford Mustang drive slowly through the parking lot and then pull up beside him. A man exited the other Mustang, pulled out a dark handgun, pointed the gun at the victim's head, and demanded money while threatening to kill him. The man took the victim's keys and wallet and drove away in his car. The man left the Ford Mustang he was driving in the parking lot. The victim looked inside the Mustang left behind by the robber and found a cell phone and a box of Newport cigarettes. The owner of the car testified that these items were not in the car before it was stolen. The victim stated that he definitely got a good look at the robber, whom he described as short, with gold teeth and distinctive lips.

Officers arrived to find the 2002 Ford Mustang from the March 13, 2006 armed robbery in the parking lot. Police determined that the cell phone was registered to Leon Bonds. Upon further investigation, officers determined that Leon Bonds was actually Leon Lawrence, and they arranged a photo array for the victims to view. Both the first and third victims identified Lawrence in the photo lineup and at trial as the man who robbed them and took their vehicles, and the State charged Lawrence with crimes involving these victims.

Lawrence took the stand in his own defense and denied robbing any of the victims. He stated that he was shooting dice in an apartment complex one night in March 2006, when two young men walked up and robbed him at gunpoint taking his shoes, jacket and cell phone. Lawrence stated that after the robbery, he met his girlfriend, went to his mother's home to change clothes and get some shoes, and then checked into a motel room. There was no evidence that Lawrence reported the robbery to police. Lawrence testified further that he has four gold teeth "on the top" and that he smokes Newport cigarettes.

1. Lawrence first challenges the sufficiency of the evidence against him. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and the defendant no longer enjoys the presumption of innocence. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This court does not weigh the evidence or determine witness credibility, but determines only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Id.; *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

The evidence presented here was sufficient for a rational trier of fact to find Lawrence guilty of two counts of armed robbery, one count of hijacking a motor vehicle, and two counts of aggravated assault with intent to rob. See *Wright v. State*, 226 Ga. App. 499, 500 (1) (486 SE2d 711) (1997); OCGA §§ 16-8-41, 16-5-44.1, 16-5-21.

2. Lawrence argues that his trial counsel was ineffective for failing to provide notice of an alibi defense. He contends only that because counsel failed to do so, he was foreclosed from testifying as to his whereabouts during the third robbery. To prevail on an ineffective assistance claim, Lawrence must establish, pursuant to *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984),

> that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact. In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, this court upholds the trial court's factual findings unless they are clearly erroneous; we review a trial court's legal conclusions de novo.

(Citations and footnotes omitted.) *Bruce v. State*, 268 Ga. App. 677, 679 (603 SE2d 33) (2004). "If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong." (Citations and punctuation omitted.) *Vaughn v. State*, 301 Ga. App. 55, 60 (5) (686 SE2d 847) (2009).

Immediately following the trial court's ruling that Lawrence could not provide alibi testimony because the State had not received notice, Lawrence stated that he could not remember the date he was robbed and could only remember that it was "sometime in March." Thus, even if counsel performed deficiently by failing to notify the State of an alibi defense, Lawrence has failed to show a reasonable probability that the outcome would have been different had counsel done so. His testimony shows that he was unable to establish his claimed alibi of being with his girlfriend after he was robbed of the cell phone and during the third robbery. Lawrence has therefore failed to satisfy the second prong of the *Strickland* test. Cf. *Jefferies v. State*, 267 Ga. App. 694, 696 (1) (600 SE2d 753) (2004) (no showing of prejudice where alibi witnesses' testimony would have been cumulative of other evidence).

3. Lawrence contends that the trial court erred in allowing the State to impeach him with his prior convictions[1] without making a finding that the probative value of that evidence outweighed the

---

[1] There were two prior convictions for possession of cocaine, and one prior conviction for theft by receiving stolen property.

prejudicial effect. OCGA § 24-9-84.1 (a) (2) provides:

> Evidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant. . . .

In *Quiroz v. State*, 291 Ga. App. 423 (662 SE2d 235) (2008), we held that the trial court is required to make express findings when balancing the probity of a prior felony conviction against its prejudicial effect. Id. at 428 (4). And "[w]hen no express findings have been made as to this balancing test, this court can only guess whether the trial court has made the requisite determination." *Miller v. State*, 298 Ga. App. 792, 797 (4) (681 SE2d 225) (2009).[2]

Here, the trial court ruled: "I find that these, this impeachment would be more probative than prejudicial." But OCGA § 24-9-84.1 (a) (2) requires the court to determine whether the probative value of admitting the evidence *substantially* outweighs its prejudicial effect. "In construing a statute, the cardinal rule is to glean the intent of the legislature. Language in one part of the statute must be construed in the light of the legislative intent as found in the statute as a whole." (Citation and punctuation omitted.) *Goldberg v. State*, 282 Ga. 542, 544 (651 SE2d 667) (2007). And "where the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended." (Citation and punctuation omitted.) *Emory-Adventist, Inc. v. Hunter*, 301 Ga. App. 215, 218 (1) (687 SE2d 267) (2009). We must therefore assume that the legislature, in using the word "substantially" in OCGA § 24-9-84.1 (a) (2) for the impeachment of a defendant, intended to create a standard different from that provided in OCGA § 24-9-84.1 (a) (1) for the impeachment of a witness. In subsection (a) (1), the word "substantially" is omitted, and the court is only required to determine whether the probative value of the prior conviction outweighs its prejudicial effect.

Here, the court found that the probative value of Lawrence's prior convictions outweighed the prejudicial effect. As this court held in *Abercrombie v. State*, 297 Ga. App. 522, 524 (1) (677 SE2d 719)

---

[2] Although Lawrence's trial was held in September 2007, prior to this court's opinion on *Quiroz* in 2008, the ruling in *Quiroz* "shall be given retroactive application in this case under the 'pipeline' rule, providing that 'a new rule of criminal procedure . . . will be applied to all cases then on direct review or not yet final.' " (Citations omitted.) *Miller*, supra, 298 Ga. App. at 797 (4), n. 5.

(2009), "[t]he trial court was not authorized to admit evidence using a more liberal standard than that provided by OCGA § 24-9-84.1 (a) (2)." Although the court made a finding of the admissibility of the prior convictions, it failed to do so under the proper standard. Such error "is analogous with error in failing to properly conduct a hearing regarding the admissibility of similar transaction evidence. In this context, the error is subject to scrutiny for harmless error and a new trial is not automatically required." (Citations and punctuation omitted.) *Miller*, supra, 298 Ga. App. at 797 (4).

In this case, we hold that the error was harmless in light of the overwhelming evidence of Lawrence's guilt. Two victims of two different robberies identified Lawrence both in a photo lineup and at trial as the man who robbed them at gunpoint, and Lawrence's cell phone and brand of cigarettes were found in a stolen vehicle Lawrence used to arrive at the scene of one of the armed robberies. Moreover, although Lawrence testified that he had been robbed of his cell phone, there was no evidence that he reported the robbery to police. Under these circumstances, the overwhelming evidence establishes Lawrence's guilt so as to make the admissibility of the prior convictions harmless. See *Williams v. State*, 295 Ga. App. 249, 251-252 (1) (671 SE2d 268) (2008) (no harm in admitting similar transaction where evidence that victims from two different robberies identified defendant from photo array); *Wright*, supra, 226 Ga. App. at 501 (2) (evidence overwhelming where victim identified defendant as armed robber in lineup and at trial and testified that he made a conscious effort to look closely at perpetrator).[3]

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JULY 13, 2010 — 

*Cromwell & Hibbert, Henry A. Hibbert*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys*, for appellee.

---

[3] Lawrence also argues that the trial court was required to give specific reasons for its ruling on the probity of the prior convictions. Whether *Abercrombie*, supra, 297 Ga. App. at 524 (1) correctly held that the trial court must list the factors it considered may be open to question. See *Quiroz*, supra, 291 Ga. App. at 428 (4) (requires only that an express finding of the probity be made to ensure that the court engaged in a meaningful analysis). We need not reach that issue here, however, because we have held that the evidence of Lawrence's guilt is overwhelming.