A11A0074. JOHNSON v. THE STATE.
(706 SE2d 150)

MCFADDEN, Judge.
After a jury trial, Paul Johnson was convicted of aggravated assault. Johnson appeals, arguing that the trial court erred in allowing the state to impeach him with evidence of his prior felony convictions. We do find that, in deciding to admit that evidence, the trial court did not apply the standard mandated by the controlling

statute. But the error was harmless, as the evidence of Johnson's guilt was overwhelming.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys the presumption of innocence. [Cit.]" *Abercrombie v. State*, 297 Ga. App. 522, 522-523 (677 SE2d 719) (2009). Viewed in that light, the evidence shows that both Johnson and Demetrius Lane were dating Kenbernika Little. On July 25, 2007, Lane was playing a video game in a bedroom inside Little's mobile home when Johnson arrived on the front porch, brandishing two knives and yelling to be let in the home. Little refused to let him in, but went out to speak to him on the front porch. Johnson argued with Little about her relationship with Lane, then forced his way into the home. Johnson found Lane in the bedroom and attacked him. Johnson stabbed Lane multiple times with the knives, inflicting six life-threatening puncture wounds to his torso and a collapsed lung. Johnson fled from the scene, and police officers later discovered him hiding in a bedroom closet at his house. The blood-stained knives were also found hidden in Johnson's bedroom.

Johnson was the only witness for the defense. He admitted that he stabbed Lane, but claimed that he did so only after Lane attacked him with a knife. On cross-examination, the state was allowed to impeach Johnson's credibility by introducing certified copies of his convictions in 2000 and 2002 for aggravated assault, terroristic threats and possession of a firearm by a convicted felon.

Such evidence is admissible if its probative value *substantially* outweighs its prejudice to the defendant. As OCGA § 24-9-84.1 (a) (2) provides:

> Evidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant. . . .

The preceding subsection of that statute, which addresses evidence of witnesses' prior convictions, sets a lower standard. As to witnesses, the word "substantially" is omitted; they can be impeached with prior-conviction evidence as long as "the probative value of admitting the evidence outweighs its prejudicial effect to the witness." OCGA § 24-9-84.1 (a) (1).

To ensure a meaningful analysis of the relevant factors, the trial court is required to make express findings when balancing the

probative value and the prejudicial effect of such evidence. *Lawrence v. State*, 305 Ga. App. 199, 202 (3) (699 SE2d 406) (2010); *Abercrombie*, supra at 524 (1). "Factors to be considered include the kind of felony involved, the date of the conviction, and the importance of the witness's credibility. [Cit.]" *Quiroz v. State*, 291 Ga. App. 423, 428 (4) (662 SE2d 235) (2008).

Here, the trial court properly noted the kinds of felonies involved, but then ruled: "The Court does find that the probative value in this case outweighs the prejudicial value." Omitting the word "substantially" was error. As this court recently held, admitting evidence of a defendant's prior convictions based on such a ruling is error because it applies a less stringent standard than that required by OCGA § 24-9-84.1 (a) (2).

> We must . . . assume that the legislature, in using the word "substantially" in OCGA § 24-9-84.1 (a) (2) for the impeachment of a defendant, intended to create a standard different from that provided in OCGA § 24-9-84.1 (a) (1) for the impeachment of a witness. In subsection (a) (1), the word "substantially" is omitted, and the court is only required to determine whether the probative value of the prior conviction outweighs its prejudicial effect. Here, the court found that the probative value of [the defendant's] prior convictions outweighed the prejudicial effect. [However], the trial court was not authorized to admit evidence using a more liberal standard than that provided by OCGA § 24-9-84.1 (a) (2). Although the court made a finding of the admissibility of the prior convictions, it failed to do so under the proper standard.

(Citation and punctuation omitted.) *Lawrence*, supra at 202-203 (3).

But such an error does not require a new trial if the error is harmless. *Lawrence*, supra at 202-203 (3). The error is harmless here, because the evidence is overwhelming. It is undisputed that Johnson repeatedly stabbed the victim, inflicting life-threatening injuries. Johnson claimed that Lane first attacked him with a knife, but that claim was unsupported by other evidence and was directly contradicted by three other witnesses — all of whom testified that Lane was unarmed and that Johnson initiated the knife attack without any provocation. Given that testimony, as well as Johnson's flight from the scene and his attempt to hide himself and the assault weapons from the police, the overwhelming evidence establishes Johnson's guilt so as to make harmless the error in admitting the prior-convictions evidence. Id. at 203 (3).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 10, 2011.

*Timothy L. Eidson, Rashawn D. Clark*, for appellant.
*Denise D. Fachini, District Attorney, Barbara A. Becraft, Henry O. Jones III, Assistant District Attorneys*, for appellee.