### 77598. VINSON v. THE STATE.
(379 SE2d 792)

BENHAM, Judge.

In this appeal from his convictions for burglary and giving a false name to an officer, appellant's enumerations of error concern the sufficiency of the evidence and the legality of his sentences. We affirm.

1. Appellant was arrested when he was discovered in the offices of a church at a time when they were not open to the public. The indictment charging him with burglary alleged that he had entered the building with intent to commit a (theft). At trial and on appeal, he has admitted all the elements of burglary except intent, and argues

that the State failed to bear its burden of proof in that regard.

" ' "Whether the defendant entertained an intent to commit a (theft) after entering is a matter for the jury to say, under the facts and circumstances proved. [Cit.] As a general rule the (S)tate must, of necessity, rely on circumstantial evidence in proving intent. [Cit.] And the fact that defendant may have failed in accomplishing his apparent purpose does not render a finding of burglary improper. [Cits.]" [Cits.]' " *Prothro v. State*, 186 Ga. App. 836 (1) (368 SE2d 793) (1988). Among the "facts and circumstances proved" here are that the offices where appellant was arrested contained items of value, including office machinery and postage stamps; that appellant had no identification or other papers in his possession; that appellant resisted the entry of first an employee and then the security officers who were called; that appellant lied to the arresting officers about his name and admitted doing so for the purpose of concealing his identity; and that although appellant claimed he had entered the office to copy some documents, he had no documents on his person and none related to him was found in the office. We note that even if appellant's version of the facts was to be accepted, he has admitted an intent to use the church's copying machine; taking the copies would have been a theft.

Considering the whole of the evidence, a rational trier of fact would have been authorized to find appellant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Prothro v. State*, supra; OCGA § 16-10-25.

2. " '[I]f the sentence is within the statutory limits, the appellate courts will not review it. [Cits.]' " *Stephens v. State*, 185 Ga. App. 546 (3) (365 SE2d 136) (1988). Since appellant's sentences were within the statutory limits, his enumeration of error in that regard is without merit.

3. Appellant's brief contains arguments on issues other than those presented by the two enumerations of error. " 'An enumeration of error may not be enlarged by brief on appeal to cover issues not contained in the original enumeration. [Cits.]' " *Jackson v. State*, 186 Ga. App. 847 (3) (368 SE2d 771) (1988).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 1, 1989 —
REHEARING DENIED MARCH 10, 1989 — ▮▮▮▮▮▮▮ .

Richard Vinson, *pro se.*

Robert E. Wilson, District Attorney, Robert M. Coker, Nelly F. Withers, James W. Richter, Assistant District Attorneys, for appel-

lee.