## A90A0591. ROSS v. THE STATE.
### (394 SE2d 418)

BIRDSONG, Judge.

Appellant, Donald Eric Ross a/k/a Donald Eric Adams, appeals his sentence and conviction of rape and aggravated sodomy and the order of the trial judge denying his motion for new trial.

The alleged victim testified that she was raped and sodomized, by force and without her consent, by appellant. Appellant testified that the alleged victim had consented to engaging in sexual intercourse with him.

Following trial, on July 13, 1989, appellant was appointed a new counsel, hereinafter called appellate defense counsel, who immediately filed a motion for new trial asserting only the general grounds and that the trial court erred in failing to sever the offenses. The record does not contain any amended motions for new trial; however, it does reflect that on July 12, 1989, the trial judge issued a show cause order and supersedeas based on the motion for new trial. Sentence was formally entered against appellant on June 19, 1989. A hearing ultimately was held upon the motion for new trial, although no hearing transcript pertaining thereto has accompanied this record. By order filed November 16, 1989, the trial court denied appellant's motion for new trial. *Held*:

1. Appellant asserts that there was insufficient evidence to convict him of rape and aggravated sodomy. On appeal the evidence must be viewed in the light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Smith v. State*, 192 Ga. App. 768 (1) (386 SE2d 530); *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849).

a. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

b. Regarding the offense of aggravated sodomy, we find that a fatal variance exists between the allegata and the probata. The indictment avers that appellant committed aggravated sodomy in one manner and in one manner only, that is, "by putting his mouth to the sex organ of [the alleged victim]. . . ." At trial both the victim and appellant denied that appellant committed sodomy upon the victim in this manner. Rather, the victim testified that appellant forced her to

perform oral sex upon him, and that he thereafter committed an act of anal intercourse upon her. The jury immediately noticed this variance, and a colloquy occurred between the jury foreman and trial judge, which in our view, served only to further compound confusion.

This case is distinguishable from those cases in which an indictment avers several different manners in which the offense was committed, and there exists evidence sufficient to support a finding of guilt as to one of these averred manners (e.g., *Lubiano v. State*, 192 Ga. App. 272 (1) (a) (384 SE2d 410)); and, those cases where an appellant was an aider and abettor to the crime as averred (e.g., *Carter v. State*, 168 Ga. App. 177 (3) (308 SE2d 438)). In this case, appellant was the only averred perpetrator and only one manner of crime commission was averred.

While an unnecessary description of an unnecessary fact averred in an indictment need not be proved, in criminal law even an unnecessarily minute description of a *necessary* fact must be proved as charged. See generally *Kelly v. State*, 188 Ga. App. 362 (2) (373 SE2d 63), citing *Bell v. State*, 227 Ga. 800, 802 (1) (183 SE2d 357). " 'If the indictment sets out the offense as done in a particular way, *the proof must show it so,* or there will be a variance. . . . [N]o averment in an indictment can be rejected as surplusage which is descriptive either of the offense *or of the manner in which it was committed.* All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance. (Cits.) . . . To permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the indictment would subject the accused to unfair surprise at trial and constitute a fatal variance. . . . (Cits.)' " (Emphasis supplied.) *Roberson v. State*, 187 Ga. App. 485, 487 (370 SE2d 661); Accord *Fulford v. State*, 50 Ga. 591, 593; *Hamby v. State*, 76 Ga. App. 549, 554 (2) (46 SE2d 615); Ga. Crim. Trial Prac., § 20-14 (1989 ed.), and cases therein cited. Accordingly, we find that there exists *insufficient* evidence, within the meaning of *Jackson v. Virginia*, supra, from which a rational trier of fact could conclude that appellant committed the offense of aggravated sodomy as averred.

2. This court cannot consider factual representations contained in appellate briefs when such evidence does not appear on the record (*Hudson v. State*, 185 Ga. App. 508 (1) (364 SE2d 635)), and a brief or an attachment thereto cannot be used in lieu of the record or transcript for adding evidence to the record (*Williams v. State*, 193 Ga. App. 677, 678 (388 SE2d 893)).

3. Appellant has made two separate enumerations of error based on the grounds of ineffective assistance of his trial defense counsel. Subsequent to trial, a new counsel entered appearance and was duly appointed as appellant's counsel. New counsel immediately filed a

timely motion for new trial based on the general grounds and an additional ground that the trial court erred in failing to sever the offenses. The motion for new trial contained no assertion whatsoever of ineffectiveness of trial defense counsel, and the record reflects that new counsel did not thereafter amend his motion for new trial to add such an issue. Subsequently, a hearing apparently was held on appellant's motion for new trial, but we have not been provided with a transcript of this hearing. The trial court subsequently denied appellant's motion for new trial. It thus appears from the state of the record before us that, after obtaining the appearance and appointment of new counsel in his behalf, appellant failed to file timely either a motion for new trial or an amended motion for new trial asserting ineffectiveness of trial defense counsel. Accordingly, all issues of inadequacy of trial defense counsel are waived, and we will not review that question on appeal. *Washington v. State*, 193 Ga. App. 823 (389 SE2d 407); accord *Dawson v. State*, 258 Ga. 380 (369 SE2d 897); *Smith v. State*, 255 Ga. 654 (341 SE2d 5). In this regard, appellant in essence asserts in his briefs that these challenges were heard at the earliest practicable moment, i.e., during the hearing conducted on his motion for new trial. These bare assertions in appellant's brief cannot be considered on appellate review. See Division 2 above. Moreover, we note that appellant has not filed any pauper's affidavit or affidavit of indigency with this court. Accordingly, if he desired that we consider the evidence adduced at the hearing on his new trial motion, he should have made suitable arrangement to insure that it was transcribed and forwarded to this court. It is a well-established appellate rule that " '[t]he burden is on the appellant to show error by the record, and when a portion of the evidence . . . bearing upon the issue raised by the enumeration of error, is not brought up so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result.' " *Brown v. State*, 146 Ga. App. 286 (2) (246 SE2d 370).

4. Appellant contends that "[a]ppellant's trial [defense] counsel failed to make the State prove the proper chain of custody for introduction of the rape kit used in examining the alleged victim," and that he was denied a fair trial thereby. To the extent that this enumeration could be construed to assert an ineffective assistance of counsel claim, we will not consider it. See Division 3 above. Moreover, the enumeration of error does not include an assertion of ineffective assistance of counsel and an enumeration of error cannot be enlarged by brief on appeal to cover issues not contained in the original enumeration. *Vinson v. State*, 190 Ga. App. 676 (3) (379 SE2d 792).

Trial defense counsel initially objected to introduction of the rape kit and certain other State exhibits on the grounds that a proper chain of custody had not been shown by the State, after the testi-

mony of a police detective, trial defense counsel withdrew his objection and the evidence was admitted. As no viable objection remains as to the introduction into evidence of the rape kit, there exists nothing for us to review concerning its admission into evidence. See generally *Ray v. State*, 187 Ga. App. 451, 452 (370 SE2d 629).

Moreover, assuming arguendo error of constitutional magnitude had occurred as asserted in appellant's brief (denial of a substantive due process fair trial right), we are satisfied beyond a reasonable doubt that such error would be harmless. *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38). In this regard, for reasons stated in Division 1 (a) above, we must reverse appellant's conviction of aggravated sodomy. Regarding the remaining rape charge, appellant made admissions in judicio that he had twice engaged in sexual intercourse with the victim and that the victim had bled, had gotten her blood upon appellant, and had used appellant's underclothing to wipe blood off herself. In view of appellant's in-court admissions and the overwhelming evidence of his guilt of rape, we are also satisfied that no fair risk existed that he was deprived of his right of fair trial by the introduction of this evidence. "Justice is not served by reversing criminal convictions when error is harmless — an accused is entitled only to a fair trial, not a perfect one." *Butts v. State*, 193 Ga. App. 824, 828 (389 SE2d 395).

5. Appellant asserts that "[a]ppellant's trial counsel failed to properly introduce into evidence records of the [a]ppellant's physical condition which would have shown the jury that [a]ppellant had a severely damaged right arm." Specifically appellant claimed that if the medical records had been properly introduced, the jury would have learned that appellant had suffered paralysis to his right side in 1983; that he had undergone physical therapy, and that he has limited use of his right arm.

At the onset for the same reasons as stated in Division 4 above, we will not consider this enumeration as raising any appellate issue of ineffective assistance of counsel on appeal. See Divisions 3 and 4 above; *Vinson,* supra.

Moreover, this enumeration does not contain any assertion that the trial judge erred in failing to admit any physical therapy medical records pertaining to appellant. Accordingly, this issue also is not before us on appeal. *Vinson*, supra. An enumeration of error cannot be enlarged to include other issues not made therein. *Reese v. State*, 139 Ga. App. 630 (3) (229 SE2d 111).

Assuming, without deciding, that the trial defense erred in failing to present another witness to lay a further foundation for admission of the medical records as business records, we find that such error, even if rising to the level of constitutional magnitude as asserted by appellant, was harmless beyond a reasonable doubt. *Palmer*, supra.

The evidence of appellant's guilt was overwhelming. In addition to the testimony of the victim and the corroborating medical evidence and photographs of the victim, appellant testified in his own behalf and made numerous admissions in judicio. Among those admissions were that he had engaged twice in sexual intercourse with the victim, although he claimed it was consensual on her part; that the victim was bleeding; and, that he had penetrated the victim's rectum with his penis, although he contemporaneously asserted that such penetration was accidental and later attempted to recant the admission in its entirety.

We also note that the record is replete with evidence presented to the jury regarding the physical limitations suffered by appellant as a result of a prior injury. A physical therapist for the Division of Rehabilitative Services in Columbus was allowed to testify as to how appellant was injured; that appellant was handicapped as a result; that the *medical records* indicated the injury resulted in *paralysis* to appellant's right side; and that appellant is not completely paralyzed, but has limited use of his right hand and can move his arm with limitations. This testimony was presented in the presence of the jury, and neither was it stricken from the record nor was the jury instructed to disregard it. Appellant's sister testified that appellant does not have any use of his right hand. An acquaintance of appellant testified that appellant walks with a limp and that he carries his arm as though it were paralyzed. Appellant testified, denying the rape, and asserted that he had arm spasms at the alleged crime scene. Inherent in appellant's testimony was the claim that he could not have committed a rape in the manner contended by the victim. Appellant also testified that, as a result of his prior injury, he had "sustained a paralysis in [his] right arm, [his] right hand, [his] right leg, [his] right foot"; and, that his "strength was taken away"; he no longer has manual dexterity in both hands; that his "equilibrium was . . . shot"; and that he receives Social Security benefits for disability.

In view of the posture of the record in this case, we find this enumeration of error is without merit, and that assuming without deciding error occurred, it was harmless.

For the reason stated in Division 1 above, the conviction for aggravated sodomy must be reversed, and appellant resentenced; however, appellant's conviction of rape is affirmed.

*Judgment of conviction of rape affirmed; judgment of conviction of aggravated sodomy reversed; sentence reversed and case remanded with direction. Banke, P. J., and Cooper, J., concur.*

DECIDED MAY 14, 1990.

*Arthur A. Mendenhall, Jr.,* for appellant.

*Douglas C. Pullen, District Attorney, James C. Bernard, Assistant District Attorney*, for appellee.