## A01A2005. TALTON v. THE STATE.
(561 SE2d 139)

ELLINGTON, Judge.

A Taylor County jury convicted Xavier A. Talton of aggravated assault, OCGA § 16-5-21, and possession of a firearm during the commission of a crime, OCGA § 16-11-106 (b) (1). Talton appeals from the denial of his motion for new trial, challenging his conviction for aggravated assault on several grounds. Because the trial court gave an erroneous and misleading jury instruction defining aggravated assault that resulted in a violation of Talton's due process rights, we must reverse.

The record reveals the following relevant facts. On September 26, 1998, Talton attended a birthday party, uninvited. He wanted to continue an argument he started earlier that day with the victim. Talton approached the victim and said: "My girl said you were picking at her." Before the victim could respond, Talton struck him and then pointed a pistol at his chest. When a friend of Talton's tried to intervene, Talton fired the pistol, hitting the victim in the toe. Upon his arrest, Talton admitted taking the pistol to the party because he expected trouble; however, he said he fired the pistol accidentally during the scuffle with his friend. Talton's defense at trial was accident.

1. Talton contends the trial court erred in giving a jury instruction defining aggravated assault as "an act which places another person in immediate apprehension of receiving a violent injury" when Talton was indicted for aggravated assault by a specific method, "by shooting" the victim with a pistol. During the charge conference, the State asked the court to give one instruction on simple assault and two instructions that defined aggravated assault to include acts which put the victim in immediate apprehension of receiving bodily injury. Talton argued against the simple assault instruction, and the State withdrew its request. Further, the court announced that it would not give the State's instruction on simple assault. The court also declined to give the State's requests to charge on aggravated assault, indicating instead that it would give a pattern jury instruction defining the crime. During its final charge, however, the trial court gave an instruction which defined an aggravated assault to include a simple assault. Moreover, the court charged the jury that "[i]f the pointing of a firearm places the victim in reasonable apprehension of receiving an immediate violent injury, the crime of aggravated assault has occurred."[1] Talton excepted to that charge. Further,

---

[1] The trial court's entire instruction on aggravated assault is as follows:
As assault is an attempt to commit a violent injury to the person of another or an act which places another person in reasonable apprehension of immediately receiv-

because the court found that Talton reasonably believed that the charge would not be given, it allowed him additional closing argument.[2]

The court's instruction was improper in this case because the State indicted Talton for the offense of aggravated assault by a specific method, by shooting the victim with a pistol. "Given the way the indictment was drafted, the jury was required to find beyond a reasonable doubt that [Talton] shot a handgun at [the victim] in order to find him guilty of aggravated assault." (Citation omitted.) *Elrod v. State*, 238 Ga. App. 80, 83 (2) (517 SE2d 805) (1999).

It is axiomatic that, "[i]n criminal prosecutions[,] the court's instructions . . . must be tailored to fit the charge in the indictment and the evidence [adduced] at trial. This is particularly true when the offense charged may be committed in one of several ways, but the indictment charges one specific method." (Citations omitted.) *Walker v. State*, 146 Ga. App. 237, 244 (2) (246 SE2d 206) (1978). In this case, the indictment averred an aggravated assault by shooting the victim with a pistol. Averments in an indictment as to the specific manner in which a crime was committed are not mere surplusage. See, e.g., *Hammett v. State*, 246 Ga. App. 287, 289 (3) (539 SE2d 193) (2000); *Ross v. State*, 195 Ga. App. 624, 625 (1) (b) (394 SE2d 418) (1990). Such averments "must be proved as laid, or the failure to prove the same . . . will amount to a [fatal] variance" and a violation of the defendant's right to due process of law. (Citations omitted.) *Ross v. State*, 195 Ga. App. at 625 (1) (b); see also *Dobbs v. State*, 235 Ga. 800, 802 (3) (221 SE2d 576) (1976). Consequently, a jury instruction that constructively amends an indictment to allow a conviction based

---

ing a violent injury. A person commits the offense of aggravated assault when that person assaults another with a deadly weapon. To constitute an assault, actual injury to the other person need not be shown. It is only necessary that the evidence show beyond a reasonable doubt an intention to commit injury to another person coupled with the apparent ability to commit the injury, and that the other person was intentionally placed in reasonable apprehension of immediately receiving a violent injury from the defendant. If the pointing of a firearm places the victim in reasonable apprehension of receiving an immediate violent injury, the crime of aggravated assault has occurred. It makes no difference whether the weapon was loaded or could, in fact, be fired.

[2] The State argues that Talton, by making *additional closing argument*, waived his objection to the instruction. We disagree. Talton's choice was not an election between mutually exclusive remedies, nor does it imply an acquiescence in the court's decision to give the instruction; rather, Talton simply asked to revisit his closing argument in light of the court's unexpected decision to give an objectionable instruction. See generally *Whisnant v. State*, 178 Ga. App. 742, 744 (2) (344 SE2d 536) (1986) (acquiescence in a ruling deprives an appellant of the right to raise a claim of error on appeal). Further, if there is a reasonable probability that the jury convicted Talton of an offense in a manner not averred in the indictment, the "error is sufficiently egregious to preclude a finding that it was waived," and a plain error analysis under OCGA § 5-5-24 (c) would be appropriate. *Levin v. State*, 222 Ga. App. 123, 127 (6) (473 SE2d 582) (1996).

upon proof of fewer than all the material averments of the crime alleged violates due process and results in harmful error. See *Jackson v. Virginia*, 443 U. S. 307, 314 (III) (A) (99 SC 2781, 61 LE2d 560) (1979) ("It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process."); see also *Chapman v. State*, 273 Ga. 865, 868 (2) (548 SE2d 278) (2001); *Childs v. State*, 257 Ga. 243, 253 (17) (357 SE2d 48) (1987); *Walker v. State*, 146 Ga. App. at 244.

This is *not* a case where the trial court gave an overly broad aggravated assault instruction that included a definition of the crime as averred in the indictment and which was followed by an appropriate limiting instruction. Cf. *Lumpkin v. State*, 249 Ga. 834, 836 (2) (295 SE2d 86) (1982). In this case, the trial court failed to charge the jury on aggravated assault by shooting the victim with a pistol. Rather, it instructed the jury that in order to prove an aggravated assault, the State need only show that the person was put in reasonable apprehension of immediately receiving a violent injury. The aggravated assault instruction expressly authorized the jury to find Talton guilty if the evidence showed beyond a reasonable doubt that Talton simply pointed a pistol at the victim, thereby putting the victim in reasonable apprehension of receiving a serious bodily injury. The evidence adduced would permit the jury to make such a finding, even if they believed the shooting was accidental. Consequently, the court's instruction constructively amended the indictment to relieve the jury of finding one of the material allegations averred, that is, that Talton committed the offense "by shooting" the victim. This was harmful error requiring reversal. See *Chapman v. State*, 273 Ga. at 868 (2); *Lumpkin v. State*, 249 Ga. at 836; *Walker v. State*, 146 Ga. App. at 244 (2).

Even if the court had given a limiting instruction, which it did not,[3] such an instruction would be insufficient to remedy the error

---

[3] Although the court's final charge is to be read "as a whole," we believe a limiting instruction cannot always be inferred from disparate instructions discussing various principles of law, e.g., burdens of proof, reasonable doubt, and that portion of the charge which simply recounts the indictment. When reviewing the charge "as a whole," the critical issue is whether the charge adequately presents the issues in a way not likely to confuse a jury of average intelligence. See, e.g., *Herrin v. State*, 229 Ga. App. 260, 262 (2) (493 SE2d 634) (1997). In this context, a limiting instruction is, by definition, meant to direct the jury to limit its consideration of the crime based upon a comparison of two particular things: the jury instruction defining the crimes and the crimes as averred in the State's indictment. Consequently, the limiting instruction ideally should come after the instruction the court intends to limit, and it should direct the jury to compare that instruction with the crime averred in the indictment. Although we have found no cases explaining exactly when a limiting instruction is sufficient, we believe these principles are implicit in previous case authority. See *Chapman v. State*, 273 Ga. at 868-869 (2) ("Although the court . . . read the charge . . . in the indictment, under these circumstances [(no specific remedial instruction given)], we cannot conclude that doing so prevented the jury from being misled by the

here. In this context, limiting instructions are meant to advise the jury that although the court has charged that an offense may be committed in a number of ways, it should limit its consideration of those methods to the manner actually set forth in the indictment. To do this, the jury must compare the jury instruction defining the crime to the crime as averred in the State's indictment. If the court's overly broad definition of aggravated assault does not contain a correct definition of the offense as indicted, then the court is asking the jury to compare the indictment to nothing, or, worse, to an erroneous instruction. Thus, under these circumstances, a limiting instruction would not remedy the error.

2. Because we reverse Talton's conviction for the reason set forth above, the remaining enumerations of error are moot.

*Judgment reversed and case remanded for new trial. Johnson, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 13, 2002 —
RECONSIDERATION DENIED MARCH 5, 2002 — 

*Hamlett & Kreider, Monica N. Hamlett, Robin M. Kreider*, for appellant.

*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.

---

instructions."); *Lumpkin v. State*, 249 Ga. at 836 (2) ("This remedial charge effectively cured any possible prejudice to the appellant arising from the *earlier, more general charge.*") (emphasis supplied); *Williams v. State*, 185 Ga. App. 633 (1) (365 SE2d 491) (1988) ("[T]he trial court did *follow* that *portion of the charge dealing with the offense* with *specific* instructions that the jury would be authorized to convict only if it found beyond a reasonable doubt that the defendant was guilty of aggravated assault *as charged in the indictment.*") (citation and punctuation omitted; emphasis supplied).