## A03A1909. THE STATE v. FORTNER.
### (592 SE2d 454)

SMITH, Chief Judge.

The State appeals from the trial court's order granting Reginald Fortner's general demurrer to an indictment charging him with four counts of bribery in violation of OCGA § 16-10-2 (a) (2).[1] The State argues that the trial court erred in finding that the small amounts of cash taken by Fortner were specifically excepted from the statute. We agree and reverse.

Fortner, a detention officer at the Grady County Detention Center, was accused of accepting $30 on two occasions from one inmate and $20 on two other occasions from another inmate, "by inducing the reasonable belief that the giving of said cash would influence his failure to perform an official act, to wit: enforcing the prohibition on inmates receiving contraband from outside the confines of the Grady County Detention Center." Fortner delivered tobacco to the two inmates.

OCGA § 16-10-2 defines the offense of bribery. Subsection (a) (1) pertains to the offering or giving of bribes, while subsection (a) (2) addresses the soliciting or taking of bribes. In pertinent part, subsection (a) (2) provides:

> A person commits the offense of bribery when: . . . A public official, elected or appointed, or an employee of this state or any agency, authority, or entity of the state, or any county or municipality or any agency, authority, or entity thereof, directly or indirectly solicits, receives, accepts, or agrees to receive a thing of value by inducing the reasonable belief that the giving of the thing will influence his or her performance or failure to perform any official action. *A thing of value shall not include: . . . (G) Any gift with a value less than $100.00.*

(Emphasis supplied.)

The trial court construed the emphasized language as meaning that the General Assembly specifically excepted from the purview of

---

[1] The trial court also granted the demurrer as to the fifth count of the indictment, which charged Fortner with violating his oath of office, but the State does not contest that ruling.

the bribery statute the giving to an official or employee of *anything* with a value of less than $100. The court then reasoned that because Fortner could admit all the allegations of the indictment and still not be in violation of OCGA § 16-10-2 (a) (2), the general demurrer to the indictment must be granted.

The State contends the trial court failed to make the distinction between a "gift," which is a voluntary and gratuitous offering, and a "bribe," which is actually a contract wherein a thing of value is exchanged for the official's or employee's promise to act or fail to act in some manner in the official's public duty. We agree with the State that in the context of OCGA § 16-10-2 (a) (2) it is only "gifts" that are excepted from the purview of the statute, and not "bribes."

In construing statutes, it is our duty to seek out diligently the intent of the General Assembly, keeping in mind "the old law, the evil, and the remedy." OCGA § 1-3-1 (a). We must also assign to all words their ordinary meaning unless they are terms of art. OCGA § 1-3-1 (b). In doing so, we conclude that the trial court failed to give the word "gift" its ordinary or intended meaning and that its interpretation of the statute would "shield the bribing of a public officer." (Footnote omitted.) *State v. Agan*, 259 Ga. 541, 545 (4) (384 SE2d 863) (1989). We reject the presumption that the General Assembly intended to do so.

Our Supreme Court has held that "[b]ribery is a well-known word, used widely and understood generally." *Agan*, supra at 545 (3). "The acceptance of a bribe is an egregious conflict of interest." Id. at 546, n. 4. In accordance with the generally accepted meaning of a bribe, the statute provides that no public official or employee may "request or receive *anything of value* to which he is not entitled with the purpose of influencing him in the performance of any act related to the functions of his office or employment." (Citation and punctuation omitted; emphasis supplied.) Id. at 544 (2) (b).

For clarity, the statute excepts certain specific items from being considered "bribes": awards, honoraria, and emoluments of office, OCGA § 16-10-2 (a) (2) (A)-(C), (H); food, beverages, and the like provided at agency functions or meetings or at social functions, subsections (D), (E), (J); commercially reasonable loans, subsection (F); and certain "gifts" — those with a value less than $100, subsection (G), and those given by immediate family, subsection (I).

The word "gift" has a generally accepted meaning. A gift is not offered or taken for the purpose of influencing official conduct. It is "something that is bestowed voluntarily, without compensation." American Heritage Dictionary (2nd college ed. 1991). It is clear that the statute limits the amount that may be given to an official as a gift. It cannot be read to limit bribes to amounts over $100. Instead, the statute clearly restricts the *purpose* for which *any* amount of

money or anything of any value may be taken or solicited by a public official or employee. See *Agan*, supra at 545 (4). Nothing "of value," including even small amounts of cash, may be taken as a bribe.

Because the trial court erroneously construed the statute, its judgment granting the general demurrer and dismissing Counts 1 through 4 of the indictment must be reversed.

*Judgment reversed. Ruffin, P. J., and Miller, J., concur.*

DECIDED DECEMBER 16, 2003.

*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellant.
*Melvin R. Horne*, for appellee.