### S09A0206. DELEON v. THE STATE.
#### (676 SE2d 184)

SEARS, Chief Justice.

The appellant, Angel Deleon, appeals from his convictions of the felony murder of Juan Zuniga and Mario Cavasco, of the aggravated assault of Annie Calvo and Yolanda Negrete, and of possessing a firearm during the commission of a felony.[1] On appeal, Deleon contends the trial court erred in failing to strike a juror for cause and erred in its charge on aggravated assault and felony murder. Finding no merit to these contentions, we affirm.

1. The evidence shows that, during the early morning hours of June 17, 2002, Deleon and some fellow gang members, including Charles Graham, drove to a house in which a girl was having her fifteenth birthday party. Because some members of a rival gang were at the party, Deleon slowly drove his car in front of the house while Graham leaned out the passenger side window and repeatedly fired an assault rifle. Seventeen-year-old Mario Cavasco and eighteen-year-old Juan Zuniga died from gunshot injuries, and seventeen-year-old Annie Calvo and fifteen-year-old Yolanda Negrete were shot but survived. Forensic evidence showed that shell casings recovered at the crime scene were fired from an SKS rifle that was recovered in a wooded area near Graham's house. Moreover, gunshot residue was detected on the front passenger door of the car Deleon was driving.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Deleon guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. Deleon contends the trial court erred in failing to excuse a

---

[1] The crimes occurred on June 17, 2002. Deleon was indicted on August 23, 2002. On July 17, 2003, a jury found Deleon guilty on two counts of felony murder, four counts of aggravated assault, and one count of possession of a firearm during the commission of a felony. The trial court merged the two aggravated assault convictions that served as the underlying felonies for the felony murder convictions. On July 17, 2003, the court sentenced Deleon to two consecutive life sentences for the felony murder convictions, to two 20-year consecutive sentences for the aggravated assault convictions, and to a five-year consecutive sentence for the possession conviction. Deleon filed a motion for new trial on July 24, 2003, and an amended motion for new trial on December 8, 2004. On April 16, 2007, the trial court denied Deleon's motion for new trial, as amended, and on May 17, 2007, Deleon filed a notice of appeal. The record was docketed here on October 16, 2008, and the appeal was submitted for decision on the parties' briefs.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

juror for cause. However, because the juror stated several times that he could set aside any preconceived notions, as well as what he had read about the case before trial, and base his judgment solely on the evidence and the court's instructions, we conclude the trial court did not abuse its discretion in refusing to strike the juror for cause.[3]

3. Deleon contends that the trial court improperly expanded the aggravated assault count of the indictment by defining aggravated assault to include simple assault in its jury charge. We disagree.

The indictment alleged that Deleon committed aggravated assault by, as a party to the crime, "unlawfully assaulting" the victims "by discharging a firearm from within a motor vehicle toward" them. In charging on aggravated assault, the court first charged on simple assault, informing the jury that a "person commits an assault when that person attempts to commit a violent injury to the person of another or when that person commits an act that places another person in reasonable apprehension of immediately receiving a violent injury." The court then charged that a "person commits the offense of aggravated assault when that person assaults another person without legal justification by discharging a firearm from within a motor vehicle toward another person or persons."

Deleon's contention that the charge on simple assault improperly expanded the indictment was resolved against Deleon in *Simpson v. State*.[4] There, we held that an indictment for aggravated assault puts a defendant on notice that he may be convicted "for aggravated assault if he committed a simple assault in either manner contained in the simple assault statute, so long as [the trial court charges and] the State proves that he did so" by the alleged aggravating aspect of the assault. Here, the aggravating aspect of the assault, as alleged in the indictment, was that Deleon, as a party to the crime, unlawfully assaulted the victims "by discharging a firearm from within a motor vehicle toward" the victims. The trial court properly charged on this aggravating aspect, and the State offered evidence supporting it. For these reasons, the trial court's charge did not improperly expand the indictment.[5]

---

[3] See *Miller v. State*, 275 Ga. 730, 736 (571 SE2d 788) (2002) (trial court has discretion in deciding whether to strike prospective juror for cause, and that discretion will not be disturbed unless record shows that juror's opinion was so fixed he or she would be unable to set it aside and decide case based on evidence and trial court's charge).

[4] 277 Ga. 356, 357-358 (589 SE2d 90) (2003).

[5] Id. *Talton v. State*, 254 Ga. App. 111, 111-114 (561 SE2d 139) (2002), on which Deleon relies, is inapposite. There, the trial court did not charge on the aggravating aspect of the assault that was alleged in the indictment – shooting the victim with a pistol. The court, instead, charged that the defendant could be convicted of aggravated assault if he simply pointed a firearm at the victim.

Deleon makes the same contention regarding the charge on aggravated assault that was contained in the felony murder charge to the jury. For the same reasons as above, however, this contention is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 28, 2009.

*Garland, Samuel & Loeb, Donald F. Samuel, William C. Lea*, for appellant.

*Lee Darragh, District Attorney, Jennifer C. Bagwell, Gregory E. Radics, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.