## A09A1179. BEARD v. THE STATE.
### (684 SE2d 306)

MILLER, Chief Judge.

A jury convicted Keith Bernard Beard of one count of a state officer or employee improperly attempting to influence official action by another state officer or employee (OCGA § 16-10-5[1]) and one count of violation of his oath as a public officer (OCGA § 16-10-1[2]). Beard appeals challenging the sufficiency of the evidence as to each conviction. Finding that the State presented evidence of bribery by Beard, but failed to present any evidence that Beard entered an agreement to attempt to influence his supervisor in taking an official action, we reverse Beard's conviction under OCGA § 16-10-5. Given that the State presented direct and circumstantial evidence supporting Beard's conviction of violating his oath of office, we affirm Beard's conviction under OCGA § 16-10-1.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). "An appellate court neither weighs the evidence nor determines witness credibility, but rather determines only whether the evidence was sufficient for a rational trier of fact to find the essential elements of the charged offense beyond a reasonable doubt. [Cits.]" *Key v. State*, 289 Ga. App. 317, 318 (657 SE2d 273) (2008).

"To warrant a conviction on circumstantial evidence, the proved facts need exclude only *reasonable* hypotheses — not bare possibilities that the crime could have been committed by someone else. And

---

[1] OCGA § 16-10-5 (a) provides:
 Any officer or employee of the state or any agency thereof who asks for or receives anything of value to which he is not entitled in return for an agreement to influence or attempt to influence official action by any other officer or employee of the state or any agency thereof shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.

[2] OCGA § 16-10-1 provides: "Any public officer who willfully and intentionally violates the terms of his oath as prescribed by law shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years."

questions of reasonableness are generally decided by the jury." (Citation and punctuation omitted; emphasis in original.) *Daugherty v. State*, 283 Ga. App. 664, 667 (1) (a) (642 SE2d 345) (2007).

So viewed, the evidence shows that on December 12, 2004, Beard, while a correctional officer at Phillips State Prison located in Buford, looked inside a laundry bag that inmate Darryl Butler was carrying. Beard informed Butler that he had discovered a sandwich bag inside the laundry bag which appeared to contain marijuana and that unless Butler paid him $5,000, he would have his supervisor charge him with possession of marijuana by an inmate. A discussion ensued between the two after which Butler agreed to pay Beard $2,000. Beard encountered Butler the next day, asked him where the money was, and had Butler call his sister, Dawn Spooner, using a cellular telephone which Beard provided him. When Spooner answered, Butler returned the cellular phone to Beard who told Spooner that Butler had gotten in trouble and had agreed to pay him $2,000 to avoid criminal charges. Spooner agreed to send Beard $500 immediately and the remainder at a later date. Butler filed a grievance against Beard that same day. Thereafter, Spooner purchased a $500 money order, and, on Beard's instructions during their phone conversation, sent the payment to Phillip Parham, a longtime friend of Beard's.

Other evidence showed that Beard signed an oath of office as a correctional officer on December 19, 2003, a year prior to the offenses at issue. The oath, taken in the presence of an attesting witness, was as follows: "I do solemnly swear (or affirm) that I will support and defend the Constitution of the United States of America and the State of Georgia, and that I will faithfully perform and discharge the duties of my office without malice or partiality, to the best of my ability."

1. Beard contends that the evidence was insufficient to support his conviction of a state officer or employee improperly entering an agreement to attempt to influence official action by another state officer or employee, arguing that the State failed to present evidence showing that he had asked for a money order in the manner alleged. Pretermitting whether there was any evidence showing that Beard asked for a money order (see *Ross v. State*, 195 Ga. App. 624, 625 (1) (394 SE2d 418) (1990) (all averments in an indictment must be proved as laid)), we find that the evidence, while possibly sufficient to support a bribery charge, failed to establish that Beard agreed to attempt to influence his supervisor in taking an official action.

Under OCGA § 16-10-2, a jail employee commits bribery when he or she "directly or indirectly solicits, receives, accepts, or agrees to receive a thing of value by inducing the reasonable belief that the giving of the thing will influence his or her performance or failure to

perform any official action." (Punctuation omitted.) *Felder v. State*, 286 Ga. App. 271, 272 (1) (648 SE2d 753) (2007). No more than an agreement to refrain from taking an official action is established here on the State's evidence that Butler gave Beard money in return for Beard's agreement not to report Butler to his supervisor. See *State v. Fortner*, 264 Ga. App. 783, 784 (592 SE2d 454) (2003) ("In construing statutes, it is our duty to seek out diligently the intent of the General Assembly, keeping in mind the old law, the evil, and the remedy. We must also assign to all words their ordinary meaning unless they are terms of art.") (citations and punctuation omitted). The gravamen of the offense at issue is to bar influence in government improperly impacting official action. See The American Heritage Dictionary, 2d New College ed., p. 357 (defining influence as "a power to sway or affect based on prestige, wealth, ability, or position"). More specifically, the commission of the offense of agreeing to "attempt to influence official action by any other officer or employee of the state or of any agency thereof," i.e., attempt to affect or alter such action, requires evidence of a substantial step taken to such end. See OCGA § 16-4-1 ("A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime."). Here, there is but evidence of bribery by a jail employee under OCGA § 16-10-2, i.e., an agreement to refrain from taking an official action in exchange for money, rather than an agreement to attempt to influence official action of another, as alleged. Beard might have been charged with and convicted of bribery under these circumstances; however, his conviction of an attempt to influence his supervisor not to charge Butler with possession of marijuana by an inmate cannot stand for lack of evidence showing that he took any action, substantial or otherwise, to improperly influence his supervisor to such end.

2. Beard also contends that the evidence was insufficient to sustain his conviction of violating his oath of office as a correctional officer because the State failed to prove the offense, as alleged, i.e., "by arranging to have Dawn Spooner send a money order to a Phillip Parham, by inducing Dawn Spooner to believe that her conduct would cause her brother, Darryl Butler, to not be charged with a crime. . . ." We disagree.

While Beard correctly argues that the State was obligated to prove that he violated his oath of office as alleged, again citing *Ross*, supra, 195 Ga. App. at 625 (1), we find no deficiency in this regard. Butler testified that Beard asked him what he would pay Beard to avoid being charged with possession of marijuana by an inmate. Further, Butler testified that he "agreed to pay [Beard] $2,000 [to avoid being] criminally charged." In other testimony, Butler indi-

cated that he overheard a telephone conversation in which Beard told Spooner of the agreement, made payment arrangements, and provided Parham's name and address as an apparent go-between.

There also was circumstantial evidence of record showing that Beard violated his oath of office as alleged: Spooner sent Parham a $500 money order the day after she spoke to Beard; Parham and Beard were longtime friends having attended school together and maintained their friendship over the years; no evidence indicated that Spooner had any reason to send a money order worth $500 to Parham, an individual neither she nor Butler knew, apart from Beard's conduct, which amounts to a violation of his oath of office as a correctional officer, as alleged. "Whether every reasonable hypothesis except that of the guilt of the defendant has been excluded is a question for the jury. [Cit.]" *Shields v. State*, 285 Ga. 372, 374 (1) (677 SE2d 100) (2009). Beard does not otherwise challenge the sufficiency of the evidence, and we find no basis to do so.

The evidence, therefore, while insufficient for the jury to find beyond a reasonable doubt that Beard attempted to improperly influence official action by another state officer or employee, was sufficient to support his conviction of violation of oath by a public officer.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 22, 2009.

*Mary Erickson*, for appellant.
*Daniel J. Porter, District Attorney, Jennifer M. Taylor, Niria D. Baggett, Assistant District Attorneys*, for appellee.