**THIRD DIVISION
MILLER, P. J.,
RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 7, 2013**

# In the Court of Appeals of Georgia

A12A2442. CLAYTON v. THE STATE.

RAY, Judge.

Following a jury trial, Taneka Aundrell Clayton was found guilty of aggravated assault[1] and criminal trespass.[2] She appeals the denial of her motion for new trial, contending that the trial court erred in allowing the State to bolster witness statements and also erred in charging the jury on aggravated assault. For the reasons that follow, we affirm.

---

[1] OCGA § 16-5-21 (a) (2).

[2] OCGA § 16-7-21.

Viewed in the light most favorable to the verdict,[3] the record shows that on April 4, 2008, Clayton went to an apartment complex where her husband, Keita Andrews, from whom she was separated, was visiting a friend. Clayton and Andrews argued. Clayton broke Andrews' phone and threw it into the woods. He called the police, and an officer came to the complex so that Andrews could move his belongings without interference from Clayton. Later, as Andrews and his friend were leaving, Clayton rammed his car with her vehicle, then blocked his car so that he could not leave. He again called the police, and the same officer responded, telling Clayton not to restrict Andrews' movement. Andrews and his friend then drove to another apartment complex. Clayton called Andrews on his phone and told him, "Oh, you just slipped. . . . Go look at your car." When he went to look at his car, he saw that it had been scratched all over, and that a half-heart and the number seven were scratched on it. He again called police, and the same officer who responded to the prior incidents prepared a report. Andrews then went to visit another friend, and in the early morning hours of April 5, 2008, as he was getting in his car to leave, Clayton arrived. She threw a large "concrete brick rock" weighing approximately 10

---

[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

pounds at him, hitting his arm and causing it to bleed, and breaking his windshield. He again called the police, and the same officer came to the scene and issued a warrant for Clayton's arrest. Andrews got his windshield repaired about four days later, and the next day, he found that a brick had been thrown through the car's windshield, another brick had been left on his hood, and the car had been scratched. Clayton was arrested the same day.

1. Clayton contends that the trial court erred in allowing the State to bolster Andrews' testimony and the testimony of an eyewitness by permitting an investigating officer to read their witness statements at trial. Specifically, she argues that the admission of such prior consistent statements amounted to improper bolstering.

However, an examination of the portion of the transcript Clayton cites shows that the "objection" she asserts was, in fact, a motion for a directed verdict. That motion related to the officer's reading a statement by the eyewitness regarding an allegation that Clayton threatened to kill Andrews. The alleged statement related to a charge of terroristic threats; however, pretermitting whether its admission was error, this could not have contributed to Clayton's guilty verdict on this issue, as she was

3

acquitted of terroristic threats. An appellant must show harm as well as error to prevail on appeal.[4] We find no error.[5]

2. Although Clayton raised no objection to the jury charge at trial, on appeal, she contends that a portion of the charge on aggravated assault was not supported by evidence in the record, and that the trial court erroneously charged the jury on a method of committing aggravated assault that was not specified in the indictment, thus expanding the ways in which the jury could find her guilty.

The indictment charged Clayton with throwing a large rock at Andrews' head, "an object which, when used offensively, could or did actually result in the serious bodily injury to [Andrews'] arm." In its charge to the jury, the trial court defined aggravated assault and both manners of committing simple assault:

A person commits simple assault when that person attempts to commit a violent injury to the person of another. A person commits the offense

---

[4] See *Perry v. State*, 314 Ga. App. 575, 577 (1) (724 SE2d 874) (2012).

[5] Although Clayton objected to the officer's testimony below, her objection related to the relevance of the introduction of witness statement forms, not to bolstering via the officer's testimony, which is the enumeration of error asserted in this appeal. Because the objection at trial differs from the error asserted on appeal, "we will not address whether the testimony improperly bolstered [the testimony of the witnesses] as this argument was not presented to [n]or ruled upon by the trial court." (Footnote omitted.) *Moore v. State*, 246 Ga. App. 163, 166 (5) (539 SE2d 851) (2000). See also *Brown v. State*, 247 Ga. App. 741, 743 (2) (545 SE2d 114) (2001).

of aggravated assault when that person assaults another person with any object that, when used offensively against a person, is likely to or does result in serious bodily injury. To constitute such an assault, actual injury to the alleged victim need not be shown. It is only necessary that the evidence show beyond a reasonable doubt that the defendant attempted to cause a violent injury to the alleged victim or intentionally committed an act that placed the alleged victim in reasonable fear of immediately receiving a violent injury.

Citing *Talton v. State*,[6] Clayton argues that the trial court's jury instruction was unwarranted under the facts presented at trial because it is error to charge the jury that a crime may be committed by alternative methods under the statute when the indictment alleges it was committed by one specific method. Specifically, Clayton argues that the allegation of rock-throwing in the indictment differs from the portion of the charge on "reasonable fear of immediately receiving a violent injury." In *Talton*, we reversed the defendant's conviction for aggravated assault, finding that the court's instruction "constructively amended the indictment to relieve the jury of finding one of the material allegations averred" because the indictment charged

---

[6] *Talton v. State*, 254 Ga. App. 111 (561 SE2d 139) (2002).

defendant with "shooting" the victim, while the jury instructions stated that defendant placed the victim in reasonable apprehension of injury by "pointing" a gun at him.[7]

Unlike in *Talton*, in the instant case, "the trial court did not charge a separate, unalleged method of committing aggravated assault, but simply defined both methods of committing simple assault, a lesser included offense."[8] Further, the trial court's charge in the instant case tracked the suggested pattern charge on aggravated assault, which includes the statutory definitions of simple assault.[9] We find no error.

As the trial court did not rule on whether the evidence supported the charge on aggravated assault, we have nothing to review in this portion of the enumeration.[10]

*Judgment affirmed. Miller, P. J., and Branch, JJ., concur.*

---

[7] Id. at 113 (1).

[8] *Heard v. State*, 257 Ga. App. 315, 317 (2) (573 SE2d 82) (2002).

[9] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.), § 2.20.21; OCGA § 16-5-20 (a) (1), (2).

[10] See *Cumming v. State*, 272 Ga. App. 886, 889 (2) (614 SE2d 121) (2005). We note that the record indicates that Andrews tried to protect himself from being hit by the large rock by attempting to dodge it. We have held that circumstantial evidence of defensive action by the victim is sufficient to authorize the jury to infer that the victim was in reasonable apprehension of suffering immediate violent injury. See *Payne v. State*, 195 Ga. App. 523, 524 (4) (394 SE2d 781) (1990).