**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 3, 2014**

# In the Court of Appeals of Georgia

A14A0343. FORD-CALHOUN v. THE STATE.                    DO-012 C

DOYLE, Presiding Judge.

Roslynn Ford-Calhoun was convicted along with her co-defendant and husband, Preston Calhoun, of armed robbery,[1] four counts of aggravated assault,[2] and false imprisonment.[3] While Ford-Calhoun's motion for new trial was pending, this Court vacated Calhoun's conviction as to one count of aggravated assault.[4] Based on this Court's ruling, the trial court granted in part Ford-Calhoun's motion for new trial,

---

[1] OCGA § 16-8-41 (a).

[2] OCGA § 16-5-21 (a) (1), (a) (2).

[3] OCGA § 16-5-41 (a).

[4] See *Calhoun v. State*, 318 Ga. App. 835, 837-838 (2) (a) (734 SE2d 809) (2012) (vacated aggravated assault conviction because evidence did not support finding that defendant pointed a gun at the victim as alleged in the indictment).

vacating the same count of aggravated assault. Ford-Calhoun now appeals, arguing that (1) the trial court erred by improperly charging the jury as to two counts of aggravated assault; and (2) the evidence was insufficient to support the conviction of false imprisonment. For the reasons that follow, we affirm in part and reverse in part.

Viewed in favor of the verdict,[5] the evidence at trial showed that Ford-Calhoun participated in two separate armed robberies of business establishments with Calhoun during late 2007.[6] During the first incident ("Dollar General robbery"), Ford-Calhoun entered the store and, using her cell phone, alerted Calhoun to enter the store at an opportune moment. During the second incident ("Cato Fashions robbery"), Ford-Calhoun began speaking with store employees prior to her husband's separate entry into the store.

Ford-Calhoun now appeals from the guilty verdicts issued as to the two aggravated assault charges and one false imprisonment charge stemming from the Cato Fashions robbery.

---

[5] See *Stephens v. State*, 247 Ga. App. 719 (545 SE2d 325) (2001). See also *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

[6] For a more extensive recitation of the facts, see *Calhoun*, 318 Ga. App. at 835-836.

1. In two enumerations, Ford-Calhoun argues that the trial court erred by failing to charge the jury on an essential element of the two aggravated assault charges related to the Cato Fashions robbery.

> While an unnecessary description of an unnecessary fact averred in an indictment need not be proved, in criminal law even an unnecessarily minute description of a necessary fact must be proved as charged. If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance. No averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed. All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance. To permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the indictment would subject the accused to unfair surprise at trial and constitute a fatal variance.[7]

Under OCGA § 16-5-21 (a) (1), "[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith intent to murder, to rape, or to rob. . . ."[8]

---

[7] (Citations, punctuation, and emphasis omitted.) *Ross v. State*, 195 Ga. App. 624, 625 (1) (b) (394 SE2d 418) (1990). See also *Quiroz v. State*, 291 Ga. App. 423, 425 (1) (662 SE2d 235) (2008), quoting *Talton v. State*, 254 Ga. App. 111, 112 (1) (561 SE2d 139) (2002).

[8] Compare with OCGA § 16-5-21 (a) (2) ("[a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely

The indictment for the two aggravated assaults at issue charged that "[Ford-Calhoun] did unlawfully make an assault upon the person of [the victim], with intent to rob, by pointing a gun at [the victim] and demanding money . . . ."[9] Ford-Calhoun contends that the language in the indictment required a jury charge instructing the jury to find that she (or co-defendant Calhoun) assaulted Cathy Johnson and Kimtoria Campbell by pointing a gun and demanding money with the intent to rob.[10] Ford-Calhoun maintains that because the trial court failed to so instruct the jury, the trial court impermissibly expanded the ways in which the jury could find her guilty. She alternatively contends that because there was no evidence that she or her co-defendant pointed a gun at either Johnson or Campbell, the verdict must be reversed as to these counts.

(a) We first address Count 4, the aggravated assault of Johnson.

---

to or actually does result in serious bodily injury . . . .").

[9] Each aggravated assault charge specified Cathy Johnson or Kimtoria Campbell respectively.

[10] See *Hicks v. State*, 326 Ga. App.46, 48-49 (1) (755 SE2d 855) (2014) ("A participant to a crime may be convicted although he is not the person who directly commits the crime. A person who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime may be convicted of the crime as a party to the crime.") (punctuation omitted).

4

(i) Although Ford-Calhoun argues that no evidence established that either she or her co-defendant pointed a gun at Johnson, on cross-examination, Johnson answered affirmatively when defense counsel asked if this was the first time she "had been held at gunpoint." Moreover, on direct examination, Johnson testified that she saw the weapon when Calhoun first demanded money, and she touched the weapon at that time. Accordingly, sufficient evidence supported the verdict as to Count 4.

(ii) Ford-Calhoun also contends that the trial court erred by failing to charge the jury on an essential element of the charge, thereby broadening the method by which the jury could convict Ford-Calhoun.

During jury instructions, the trial court first read the indictment, including Count 4, to the jury. Later, the court instructed: "No person shall be convicted of any crime unless and until each of the elements of the crimes as charged is proven beyond a reasonable doubt. The burden of proof rests upon the [S]tate to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt." As for aggravated assault, the trial court instructed:

> A person commits the offense of aggravated assault when that person assaults another person with intent to rob. To constitute such an assualt, actual injury to the alleged victim need not be shown. It is only necessary that the evidence show beyond a reasonable doubt that the

5

defendant intentionally committed an act that placed the alleged victim in reasonable fear of immediately receiving a violent injury.

The intent to rob is a material element of aggravated assault as charged in this case. In deciding the question of intent, you may consider all the facts and circumstances of the case as well as the character of the weapon used and the manner in which it was used, if you find that a weapon was used.

A person commits the offense of aggravated assault when that person assaults another person with a deadly weapon. To constitute such an assault, actual injury to the alleged victim need not be shown. It is only necessary that the evidence show beyond a reasonable doubt that the defendant intentionally committed an act that placed the alleged victim in reasonable fear of immediately receiving a violent injury.

The [S]tate mu[st] also prove as a material element of aggravated assault, as alleged in this case, that the assault was made with a deadly weapon.

Ford-Calhoun joined in her co-defendant's objection to the charge for the inclusion of the method of committing "an act which placed the alleged victim in reasonable fear of immediately receiving a violent injury" because it expanded the method by which the jury could find her guilty beyond the specific method as

6

indicted. Ford-Calhoun cites to *Talton v. State*,[11] in support of her argument. In *Talton*, however, the defendant was indicted for aggravated assault by "shooting" the victim, but the trial court specifically instructed the jury that "pointing a gun" at the victim would support a conviction for aggravated assault.[12] Here, the trial court gave no such instruction. "[I]n the instant case, the trial court did not charge a separate, unalleged method of committing aggravated assault, but [defined simple assault and the two methods of aggravated assault that were actually alleged in the indictment]. Further, the trial court's charge in the instant case tracked the suggested pattern charge on aggravated assault, which includes the statutory definitions of simple assault."[13]

> Even where a jury instruction is defective in that the trial court instructs the jury that an offense could be committed by other statutory methods than the one method charged in the indictment, which did not occur in this case, such a defect is cured where, as here, the court provides the jury with the indictment and instructs jurors that the burden of proof rests upon the State to prove every material allegation of the indictment

---

[11] 254 Ga. App. 111 (561 SE2d 139) (2002).

[12] See id. at 111 (1).

[13] (Punctuation omitted.) *Clayton v. State*, 319 Ga. App. 713, 716 (2) (738 SE2d 299) (2013); see also Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.), §§ 2.20.20, 2.20.21; OCGA § 16-5-20 (a) (1), (2).

and every essential element of the crime charged beyond a reasonable doubt. Further, in order to convict, the jury of necessity had to find [Ford-Calhoun or her co-defendant pointed a gun at] the victim, and therefore[, Ford-Calhoun's] assertion that the instruction improperly permitted the jury to convict for aggravated assault if it found defendants had simply [assaulted the victim with the intent to rob], lacks merit.[14]

Accordingly, this argument is without merit.

(b) Next, we address Count 5, the aggravated assault of Campbell. Johnson testified that Campbell returned to the register to assist in opening it, and when she did so, Campbell had her hands in the air and was saying "don't shoot." Campbell testified that "the [co-defendant] came in real fast. And he got up on the register [where Campbell and Johnson were standing] so fast, it shocked me[,] and I started running . . . for the [front] door." Campbell explained, "I did not see a gun. [Johnson] said that he pulled the gun. He had the gun on his side and pulled the gun up, just as

---

[14] (Citations and punctuation omitted.) *Flornoy v. State*, 294 Ga. 741, 744-745 (2) (755 SE2d 777). See also *Deleon v. State*, 285 Ga. 306, 307 (3) (676 SE2d 184) (2009) (instructing the jury for aggravated assault by including the definition of simple assault is not error because "an indictment for aggravated assault puts a defendant on notice that he may be convicted for aggravated assault if he committed a simple assault in either manner contained in the simple assault statute, so long as the trial court charges and the State proves that he did so by the alleged aggravating aspect of the assault.")

she was taking off to run behind me. But I never saw the gun." On cross-examination, Campbell answered "no" when asked if either Ford-Calhoun or the co-defendant pointed a weapon at her. Thus, Ford-Calhoun is correct that no evidence supports a finding that her co-defendant pointed a gun at Campbell.

In response, the State argues that Ford-Calhoun was indicted under OCGA § 16-5-21 (a) (1), and the language "by pointing a gun at [the victim] and demanding money" was mere surplusage to the necessary element of "intent to rob," not an essential element to the crime requiring proof at trial. Nevertheless, as explained above, "[n]o averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed."[15] The State chose to indict Ford-Calhoun alleging a specific manner in which she (as a party to the crime) committed assault with the intent to rob Campbell.[16] The evidence at

---

[15] (Punctuation and emphasis omitted.) *Ross*, 195 Ga. App. at 625 (1) (b).

[16] See *Calhoun*, 318 Ga. App. at 837-838 (2) (a) (holding that reversal was required because the indictment alleged the defendant "'unlawfully made an assault upon the person of [the victim], with a gun, a deadly weapon, by pointing a gun at [the victim] in a threatening manner'" and no evidence supported a finding that the weapon was *pointed* at the victim). Compare with *Quiroz*, 291 Ga. App. at 425-426 (1) (holding that although the indictment charged the defendant with assaulting the victim "with a deadly weapon, to wit: a knife, by holding a knife to the neck of the [victim]" because the clause "by holding a knife to the neck of the [victim]" was "unnecessary specification of a legally unnecessary fact" and thus, no fatal variance

9

trial showed that Campbell did not see a weapon at all, and no testimony supported a finding that a gun was pointed at her. Based on this evidence and this Court's previous holding in *Calhoun*, we reverse as to Count 5.

2. Ford-Calhoun also argues that there was insufficient evidence to support the jury's verdict as to the false imprisonment verdict.

"A defendant can be convicted for false imprisonment when in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority."[17] For the reasons stated in *Calhoun v. State*, this enumeration is without merit.[18]

*Judgment affirmed in part and reversed in part. Miller and Dillard, JJ., concur.*

---

occurred).

[17] (Punctuation omitted.) *Calhoun*, 318 Ga. App. at 838 (2) (b). See also OCGA § 16-5-41 (a).

[18] 318 Ga. App. at 838-839 (1) (b).