# Court of Appeals
# of the State of Georgia

ATLANTA,   April 26, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1772.  ROSLYNN L. FORD-CALHOUN v. THE STATE.**

In February 2009, following a jury trial, Roslynn L. Ford-Calhoun was convicted of armed robbery (Count 1), four counts of aggravated assault (Counts 2-5), and false imprisonment (Count 6).  The trial court granted in part her motion for new trial and entered a judgment of acquittal as to one of aggravated assault convictions (Count 3).  On direct appeal, this Court reversed another aggravated assault conviction (Count 5) but affirmed the remaining convictions.  See *Ford-Calhoun v. State*, 327 Ga. App. 835 (761 SE2d 388) (2014).  In October 2014, after remitittur, the trial court entered an amended sentence of 20 years with 15 to serve in confinement.  Four years later, in November 2018, Ford-Calhoun filed a motion to vacate a void sentence, arguing that her amended sentence is void.  The trial court dismissed Ford-Calhoun's motion, finding that her amended sentence is below or equal to the aggregate of the original sentence as required by *State v. Hudson*, 293 Ga. 656 (748 SE2d 910) (2013).  Ford-Calhoun then filed this appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once, as here, this statutory period expires, a trial court may modify only a void sentence.  Id.  A sentence is void if the court imposes punishment that the law does not allow.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed

outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Ford-Calhoun's sentence for each conviction is within the statutory range. See OCGA § 16-8-41 (sentence for armed robbery is not less than ten nor more than twenty years); OCGA § 16-5-21 (sentence of aggravated assault is not less than one not more than 20 years); OCGA § 16-5-41 (sentence for false imprisonment is not less than one nor more than ten years). Moreover, it does not appear that the aggregate re-sentence for Ford-Calhoun exceeded the aggregate of the original sentence. See *Hudson*, 293 Ga. at 662 (overruling the count-by-count approach to re-sentencing and adopting the "aggregate approach").[1] Thus, Ford-Calhoun's sentence is not void, and she is not entitled to appellate review of the trial court's dismissal of her motion. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,__04/26/2019_____*
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*

---

[1] Ford-Calhoun's original sentence was: "Twenty years as to count one, three, and five. Twenty years with five to serve as to count two to run consecutive to count one. Twenty years as to count four with five years to serve to run consecutive to count two. Ten years as to count six." She was required to serve "ten years ct.1, five years ct. 2, 3, 4, 5, [and] five years ct. 6."